**EXHIBIT "A"**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00305-S4**
**1/18/2022 10:53 AM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

BIANCA JOHNSON
_____

_____                    CIVIL ACTION     **22-C-00305-S4**
                                                        NUMBER:_____
_____

PLAINTIFF

VS.

BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC,
_____

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**     BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC,

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jensen Law, LLC
Attn: Allen Hoffman
6111 Peachtree Dunwoody Rd.
Building G, Ste. 201
Atlanta, Georgia 30328

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.
This _____ day of 18th day of January, 2022 _____, 20_____.

Tiana P. Garner
**Clerk of State Court**

By_____
                    **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00305-S4**
**1/18/2022 10:53 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

BIANCA JOHNSON
_____

_____

_____

                        **PLAINTIFF**

                                        CIVIL ACTION        **22-C-00305-S4**
                                        NUMBER:_____

         VS.

GREYSTAR REAL ESTATE PARTNERS, LLC
_____

_____

_____

                        **DEFENDANT**


# SUMMONS


**TO THE ABOVE NAMED DEFENDANT:**   GREYSTAR REAL ESTATE PARTNERS, LLC

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

   Jensen Law, LLC
   Attn: Allen Hoffman
   6111 Peachtree Dunwoody Rd.
   Building G, Ste. 201
   Atlanta, Georgia 30328

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** _____ **day of** 18th day of January, 2022 **, 20_____.**
_____

                                        Tiana P. Garner
                                        **Clerk of State Court**


                                        **By**_____
                                                **Deputy Clerk**


**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-00305-S4
1/18/2022 10:53 AM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

BIANCA JOHNSON
_____

_____

_____

**PLAINTIFF**

VS.

GS PEACHTREE PROJECT OWNER, LLC
_____

_____

_____

**DEFENDANT**

CIVIL ACTION
NUMBER:_____     **22-C-00305-S4**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   GS PEACHTREE PROJECT OWNER, LLC

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Jensen Law, LLC
Attn: Allen Hoffman
6111 Peachtree Dunwoody Rd.
Building G, Ste. 201
Atlanta, Georgia 30328

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** _____ **day of** _____, **20_____.**          18th day of January, 2022

Tiana P. Garner
**Clerk of State Court**

**By**_____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00305-S4**
**1/18/2022 10:53 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

BIANCA JOHNSON
_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER: **22-C-00305-S4** _____

VS.

JOHN DOES 1-3
_____

_____

_____

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** JOHN DOES 1-3

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Jensen Law, LLC
Attn: Allen Hoffman
6111 Peachtree Dunwoody Rd.
Building G, Ste. 201
Atlanta, Georgia 30328

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** _____ **day of** 18th day of January, 2022 _____, **20_____.**

Tiana P. Garner
**Clerk of State Court**

**By** _____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00305-S4**

**1/18/2022 10:53 AM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

BIANCA JOHNSON,                           )
                                          )
          Plaintiff.                      )
                                          )
v.                                        )          CIVIL ACTION FILE NO.
                                          )
GREYSTAR REAL ESTATE                      )            22-C-00305-S4
PARTNERS, LLC, GS PEACHTREE               )
PROJECT OWNER, LLC, BEHRINGER             )
HARVARD PEACHTREE PROJECT                 )
OWNER, LLC, AND JOHN DOES 1-3             )
                                          )
          Defendants.                     )

## **COMPLAINT**

COMES NOW Plaintiff, Bianca Johnson, and files her Complaint through undersigned

counsel, and respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Greystar Real Estate Partners, LLC ("Greystar") is a South Carolina corporation

and may be served with a copy of the Summons and Complaint by serving its registered agent

located at CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina,

29223.  Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant GS Peachtree Project Owner, LLC ("Peachtree Project") is a South Carolina

corporation and may be served with a copy of the Summons and Complaint by serving its

registered agent located at CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia,

30046.  Defendant is subject to the jurisdiction of this Court. Venue is proper.

4.

Defendant Behringer Harvard Peachtree Project Owner, LLC ("Behringer Harvard") is a South Carolina corporation and may be served with a copy of the Summons and Complaint by serving its registered agent located at CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia, 30046.  Defendant is subject to the jurisdiction of this Court. Venue is proper

5.

John Does 1 – 3 ("Does") are or may be individuals and/or entities with ownership interest(s) in the Property at issue, parties responsible for managing, maintaining, cleaning and/or keeping the common areas of the Property at issue safe for invitees, and/or parties who attempted to repair, clear, and/or remediate the common areas, including the location of Plaintiff's incident.

6.

On July 12, 2020, Plaintiff was an invitee at Cyan on Peachtree, located at 3380 Peachtree Road NE, Atlanta, Georgia, 30326 ("the Property").

7.

As Plaintiff was walking into the Property, Plaintiff slipped and fell in a liquid substance.

8.

Defendants knew or should have known a hazardous condition existed and failed to take action to remediate the hazardous condition or warn invitees of the hazardous condition.

9.

There were no warnings in the area where the subject incident occurred of the hazardous condition that existed at the time.

10.

As a result of the fall, Plaintiff suffered injuries.

11.

Defendants caused this incident by failing to maintain the premises, failing to inspect the premises, and/or failing to ensure the floor was free of hazards.

12.

Plaintiff's fall was caused solely by Defendants' negligence.

13.

Defendants were negligent because they failed to maintain, inspect, and clean the premises where Plaintiff fell, even though they had superior, actual, and/or constructive knowledge of the hazardous condition.


## COUNT I: PREMISES LIABILITY

14.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

15.

Plaintiff was an invitee on the Property at the time of the incident.

16.

Defendants had a duty to exercise ordinary care to keep the Property safe for invitees, including floors.

17.

Defendants failed to exercise that duty by failing to maintain, inspect and/or properly cleaning in the area which caused Plaintiff's injuries.

18.

Defendants failed to exercise that duty by failing to ensure their floors were secure.

19.

Defendants' failure and the corresponding actions described in this Complaint constitute negligence.

20.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

21.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damages.  Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

a.      Medical expense;

b.      Pain and suffering;

c.      Mental anguish;

d.      Lost wages; and

e.      Diminished quality of life.

22.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less than as follows:

| Kaiser Gwinnett Medical Center | $ | 244.00 |
| Taylor Chiropractic | $ | 6,755.00 |
| Comprehensive Spine & Pain | $ | 372,389.60 |
| Regional Medical Group | $ | 1,357.00 |

| Perimeter Anesthesia | $ | 4,595.00 |
| **TOTAL SPECIAL DAMAGES** | $ | 388,140.60 |

23.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $388.140.60, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: VICARIOUS LIABILITY

24.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

25.

At all times relevant to this action, John Does and/or employed individuals of Defendants, were responsible for inspecting, cleaning and maintaining the area where Plaintiff was injured.

26.

Defendants are responsible for the conduct of its employees and/or agents under the doctrines of *respondeat superior*, agency or apparent agency.

5

27.

The employees and/or agents had a duty to exercise ordinary care to keep the Property safe for invitees, including the area where Plaintiff was injured.

28.

The employees and/or agents failed to exercise that duty by failing to maintain, inspect, and/or properly clean the floors, which caused Plaintiff's injuries.

29.

The employees and/or agents failed to exercise that duty by failing to maintain, inspect, and/or properly cleaning the floors, which caused Plaintiff's injuries.

30.

As a direct and proximate result of the negligence of the employees and/or agents, for which Defendants are vicariously liable, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

31.

As a direct and proximate result of the negligence of the employees and/or agents, for which Defendants are vicariously liable, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

f.      Medical expense;

a.      Pain and suffering;

b.      Mental anguish;

c.      Lost wages; and

d.      Diminished quality of life.

32.

As a proximate result of the Employees' negligence, for which Defendants are vicariously liable, Plaintiff suffered special damages no less than as follows:

| Kaiser Gwinnett Medical Center | $ | 244.00 |
|---|---|---|
| Taylor Chiropractic | $ | 6,755.00 |
| Comprehensive Spine & Pain | $ | 372,389.60 |
| Regional Medical Group | $ | 1,357.00 |
| Perimeter Anesthesia | $ | 4,595.00 |
| **TOTAL SPECIAL DAMAGES** | $ | 388.140.60 |

33.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $388.140.60, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT III: NEGLIGENT TRAINING & SUPERVISION

34.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

35.

Defendants are required to adopt policies and procedures to ensure sure that appropriate inspections, cleaning and maintenance were performed on the premises.

36.

Defendants are required to train its employees concerning safety procedures for inspecting, repairing, cleaning and maintaining the premises.

37.

Defendants are negligent for failing to adopt policies and procedures to make sure that appropriate inspections, cleaning, and maintenance were performed on the property.

38.

Defendants are negligent for failing to train its Employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

39.

Defendants were negligent in the training and supervising of employees.

30.

Alternatively, Defendants were negligent by failing to ensure its Employees followed its safety procedures for inspecting, cleaning and maintaining the premises where Plaintiff was injured.

41.

As a result of Defendants' negligence, Plaintiff was injured.

42.

As a result of Defendants' negligence in training and supervising its Employees, Plaintiff was injured.

43.

As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

a.    Medical expense;

b.    Pain and suffering;

c.    Mental anguish;

d.    Lost wages, and

e.    Diminished quality of life.

44.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less than as follows:

| Kaiser Gwinnett Medical Center | $ | 244.00 |
|---|---|---|
| Taylor Chiropractic | $ | 6,755.00 |
| Comprehensive Spine & Pain | $ | 372,389.60 |
| Regional Medical Group | $ | 1,357.00 |
| Perimeter Anesthesia | $ | 4,595.00 |
| **TOTAL SPECIAL DAMAGES** | $ | 388.140.60 |

45.

Defendants have been stubbornly litigious, acted in bad faith, and has caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $388.140.60, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses

pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

     This the 18th day of January, 2022.

<div align="right">

*/s/ Allen Hoffman*
Eric L. Jensen
Georgia Bar No. 391259
Allen Hoffman
Georgia Bar No. 964123
Riley B. Liu
Georgia Bar No.: 879655
Jessica Burkhart
Georgia Bar No. 493002
*Attorneys for Plaintiff*

</div>

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
ejensen@eljlegal.com
rliu@eljlegal.com
jburkhart@eljlegal.com
ahoffman@eljlegal.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-00305-S4

1/18/2022 10:53 AM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of **GWINNETT** County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | **22-C-00305-S4** |

**Plaintiff(s)**
BIANCA JOHNSON

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
GREYSTAR REAL ESTATE PARTNERS, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

GS PEACHTREE PROJECT OWNER, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

JOHN DOES 1-3

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Eric Jensen    **Bar Number** 391259    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number     _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.18

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00305-S4**
**1/25/2022 12:06 PM**
**TIANA P. GARNER, CLERK**

## AFFIDAVIT OF SERVICE

| State of Georgia | County of Gwinnett | State Court |
|---|---|---|

Case Number: 22-C-00305-S4

Plaintiff:
**BIANCA JOHNSON**

vs.

Defendants:
**GREYSTAR REAL ESTATE PARTNERS, LLC, GS PEACHTREE PROJECT OWNER, LLC, BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC, AND JOHN DOES 1-3**

For:
Eric Jensen
Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, GA 30328

Received by Absolute Reporting, LLC to be served on **Behringer Harvard Peachtree Project Owner, LLC Registered Agent: CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046**

I, Christopher Todd Horton, being duly sworn, depose and say that on the **20th day of January, 2022** at **1:35 pm, I:**

served **Behringer Harvard Peachtree Project Owner, LLC Registered Agent: CT Corporation System** by delivering a true copy of the **SUMMONS; COMPLAINT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC; PLAINTIFF'S FIRST INTERROGATORIES TO BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC; PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC** with the date and hour of service endorsed thereon by me, to: **Linda Banks Registered Agent: CT Corporation System,** title: **Process Specialist,** a person authorized to accept process for the Company, **Behringer Harvard Peachtree Project Owner, LLC Registered Agent: CT Corporation System,** at the address of: **289 S. Culver Street, Lawrenceville, GA 30046.**

**Description** of Person Served: Age: 71, Sex: F, Race/Skin Color: White, Height: 5'4", Weight: 140, Hair: Grey, Glasses: Y

I certify that I am a citizen of the United States over the age of 18 and have no interest in the above-styled case.

Signed and sworn before me on the 25th day of ___ by the affiant who is personally known to me or produced identification.

NOTARY PUBLIC

**Christopher Todd Horton**
Process Server ID No. CPS243

**Absolute Reporting, LLC**
930 New Hope Road
Suite 11-110
Lawrenceville, GA 30045
(770) 736-8106

Our Job Serial Number: RBC-2022000114
Ref: JOHNSON

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2a

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00305-S4**
**1/25/2022 12:06 PM**
**TIANA P. GARNER, CLERK**

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Gwinnett                    State Court

Case Number: 22-C-00305-S4

Plaintiff:
**BIANCA JOHNSON**

vs.

Defendants:
**GREYSTAR REAL ESTATE PARTNERS, LLC, GS PEACHTREE PROJECT OWNER, LLC, BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC, AND JOHN DOES 1-3**

For:
Eric Jensen
Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, GA 30328

Received by Absolute Reporting, LLC to be served on **GS Peachtree Project Owner, LLC Registered Agent: CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046**

I, Christopher Todd Horton, being duly sworn, depose and say that on the **20th day of January, 2022** at **1:35 pm**, I:

served **GS Peachtree Project Owner, LLC Registered Agent: CT Corporation System** by delivering a true copy of the **SUMMONS; COMPLAINT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO GS PEACHTREE PROJECT OWNER, LLC; PLAINTIFF'S FIRST INTERROGATORIES TOGS PEACHTREE PROJECT OWNER, LLC; PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO GS PEACHTREE PROJECT OWNER, LLC** with the date and hour of service endorsed thereon by me, to: **Linda Banks Registered Agent: CT Corporation System**, title: **Process Specialist**, a person authorized to accept process for the Company, **GS Peachtree Project Owner, LLC Registered Agent: CT Corporation System**, at the address of: **289 S. Culver Street, Lawrenceville, GA 30046**.

**Description** of Person Served: Age: 71, Sex: F, Race/Skin Color: White, Height: 5'4", Weight: 140, Hair: Grey, Glasses: Y

I certify that I am a citizen of the United States over the age of 18 and have no interest in the above-styled case.

Signed and sworn before me on the _____ day of
_____ by the affiant who is personally
known to me or produced identification.

NOTARY PUBLIC

**Christopher Todd Horton**
Process Server ID No. CPS243

**Absolute Reporting, LLC**
930 New Hope Road
Suite 11-110
Lawrenceville, GA 30045
(770) 736-8106

Our Job Serial Number: RBC-2022000115
Ref: JOHNSON

TIFFANY HORTON
NOTARY
EXPIRES
GEORGIA
May 18, 2023
PUBLIC
GWINNETT COUNTY

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2a

 CT Corporation

**Service of Process Transmittal**
01/25/2022
CT Log Number 540934275

TO: Elena Diaz
Greystar Real Estate Partners, LLC
465 MEETING ST STE 500
CHARLESTON, SC 29403-4832

RE: **Process Served in South Carolina**

FOR: Greystar Real Estate Partners, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BIANCA JOHNSON // To: Greystar Real Estate Partners, LLC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 22C00305S4 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/25/2022 at 12:51 |
| **JURISDICTION SERVED :** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/25/2022, Expected Purge Date: 01/30/2022 |
| | Image SOP |
| | Email Notification,  Paul Henderson  paul.henderson@greystar.com |
| | Email Notification,  Elena Diaz  ctsop@greystar.com |
| | Email Notification,  Jill Streett  jill.streett@greystar.com |
| | Email Notification,  John Napier  jnapier@greystar.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223 |
| | 866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process Transmittal**
01/25/2022
CT Log Number 540934275

**TO:**    Elena Diaz
Greystar Real Estate Partners, LLC
465 MEETING ST STE 500
CHARLESTON, SC 29403-4832

**RE:**    **Process Served in South Carolina**

**FOR:**    Greystar Real Estate Partners, LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00305-S4**
**1/18/2022 10:53 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

BIANCA JOHNSON

_____

_____

_____

**PLAINTIFF**

CIVIL ACTION
NUMBER:_____   22-C-00305-S4

VS.

GREYSTAR REAL ESTATE PARTNERS, LLC

_____

_____

_____

**DEFENDANT**

RECEIVED
2022 JAN 25 AM 10:51
RCSD

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   GREYSTAR REAL ESTATE PARTNERS, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jensen Law, LLC
Attn: Allen Hoffman
6111 Peachtree Dunwoody Rd.
Building G, Ste. 201
Atlanta, Georgia 30328

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____18th day of January, 2022_____, 20_____.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00305-S4**
**1/18/2022 10:53 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BIANCA JOHNSON, | ) | |
| | ) | |
| Plaintiff. | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 22-C-00305-S4 |
| GREYSTAR REAL ESTATE | ) | |
| PARTNERS, LLC, GS PEACHTREE | ) | |
| PROJECT OWNER, LLC, BEHRINGER | ) | |
| HARVARD PEACHTREE PROJECT | ) | |
| OWNER, LLC, AND JOHN DOES 1-3 | ) | |
| | ) | |
| Defendants. | | |

## **COMPLAINT**

COMES NOW Plaintiff, Bianca Johnson, and files her Complaint through undersigned

counsel, and respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Greystar Real Estate Partners, LLC ("Greystar") is a South Carolina corporation

and may be served with a copy of the Summons and Complaint by serving its registered agent

located at CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina,

29223. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant GS Peachtree Project Owner, LLC ("Peachtree Project") is a South Carolina

corporation and may be served with a copy of the Summons and Complaint by serving its

registered agent located at CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia,

30046. Defendant is subject to the jurisdiction of this Court. Venue is proper.

4.

Defendant Behringer Harvard Peachtree Project Owner, LLC ("Behringer Harvard") is a South Carolina corporation and may be served with a copy of the Summons and Complaint by serving its registered agent located at CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia, 30046.  Defendant is subject to the jurisdiction of this Court. Venue is proper

5.

John Does 1 – 3 ("Does") are or may be individuals and/or entities with ownership interest(s) in the Property at issue, parties responsible for managing, maintaining, cleaning and/or keeping the common areas of the Property at issue safe for invitees, and/or parties who attempted to repair, clear, and/or remediate the common areas, including the location of Plaintiff's incident.

6.

On July 12, 2020, Plaintiff was an invitee at Cyan on Peachtree, located at 3380 Peachtree Road NE, Atlanta, Georgia, 30326 ("the Property").

7.

As Plaintiff was walking into the Property, Plaintiff slipped and fell in a liquid substance.

8.

Defendants knew or should have known a hazardous condition existed and failed to take action to remediate the hazardous condition or warn invitees of the hazardous condition.

9.

There were no warnings in the area where the subject incident occurred of the hazardous condition that existed at the time.

10.

As a result of the fall, Plaintiff suffered injuries.

2

11.

Defendants caused this incident by failing to maintain the premises, failing to inspect the premises, and/or failing to ensure the floor was free of hazards.

12.

Plaintiff's fall was caused solely by Defendants' negligence.

13.

Defendants were negligent because they failed to maintain, inspect, and clean the premises where Plaintiff fell, even though they had superior, actual, and/or constructive knowledge of the hazardous condition.

## COUNT I: PREMISES LIABILITY

14.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

15.

Plaintiff was an invitee on the Property at the time of the incident.

16.

Defendants had a duty to exercise ordinary care to keep the Property safe for invitees, including floors.

17.

Defendants failed to exercise that duty by failing to maintain, inspect and/or properly cleaning in the area which caused Plaintiff's injuries.

3

18.

Defendants failed to exercise that duty by failing to ensure their floors were secure.

19.

Defendants' failure and the corresponding actions described in this Complaint constitute negligence.

20.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

21.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

a.   Medical expense;

b.   Pain and suffering;

c.   Mental anguish;

d.   Lost wages; and

e.   Diminished quality of life.

22.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less than as follows:

| Kaiser Gwinnett Medical Center | $ | 244.00 |
| Taylor Chiropractic | $ | 6,755.00 |
| Comprehensive Spine & Pain | $ | 372,389.60 |
| Regional Medical Group | $ | 1,357.00 |

4

| Perimeter Anesthesia | $ | 4,595.00 |
| **TOTAL SPECIAL DAMAGES** | $ | 388,140.60 |

23.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $388,140.60, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: VICARIOUS LIABILITY

24.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

25.

At all times relevant to this action, John Does and/or employed individuals of Defendants, were responsible for inspecting, cleaning and maintaining the area where Plaintiff was injured.

26.

Defendants are responsible for the conduct of its employees and/or agents under the doctrines of *respondeat superior*, agency or apparent agency.

27.

The employees and/or agents had a duty to exercise ordinary care to keep the Property safe for invitees, including the area where Plaintiff was injured.

28.

The employees and/or agents failed to exercise that duty by failing to maintain, inspect, and/or properly clean the floors, which caused Plaintiff's injuries.

29.

The employees and/or agents failed to exercise that duty by failing to maintain, inspect, and/or properly cleaning the floors, which caused Plaintiff's injuries.

30.

As a direct and proximate result of the negligence of the employees and/or agents, for which Defendants are vicariously liable, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

31.

As a direct and proximate result of the negligence of the employees and/or agents, for which Defendants are vicariously liable, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

    f.      Medical expense;

    a.      Pain and suffering;

    b.      Mental anguish;

    c.      Lost wages; and

    d.      Diminished quality of life.

32.

As a proximate result of the Employees' negligence, for which Defendants are vicariously

liable, Plaintiff suffered special damages no less than as follows:

| Kaiser Gwinnett Medical Center | $ | 244.00 |
|---|---|---|
| Taylor Chiropractic | $ | 6,755.00 |
| Comprehensive Spine & Pain | $ | 372,389.60 |
| Regional Medical Group | $ | 1,357.00 |
| Perimeter Anesthesia | $ | 4,595.00 |
| **TOTAL SPECIAL DAMAGES** | $ | 388.140.60 |

33.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to

incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs,

and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an

amount to be proven at trial, but no less than $388.140.60, for general damages for past, present,

and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial,

together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses

pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and

proper.

## COUNT III: NEGLIGENT TRAINING & SUPERVISION

34.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full

force and effect as if they were restated verbatim.

35.

Defendants are required to adopt policies and procedures to ensure sure that appropriate inspections, cleaning and maintenance were performed on the premises.

36.

Defendants are required to train its employees concerning safety procedures for inspecting, repairing, cleaning and maintaining the premises.

37.

Defendants are negligent for failing to adopt policies and procedures to make sure that appropriate inspections, cleaning, and maintenance were performed on the property.

38.

Defendants are negligent for failing to train its Employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

39.

Defendants were negligent in the training and supervising of employees.

30.

Alternatively, Defendants were negligent by failing to ensure its Employees followed its safety procedures for inspecting, cleaning and maintaining the premises where Plaintiff was injured.

41.

As a result of Defendants' negligence, Plaintiff was injured.

42.

As a result of Defendants' negligence in training and supervising its Employees, Plaintiff was injured.

8

43.

As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

a.  Medical expense;

b.  Pain and suffering;

c.  Mental anguish;

d.  Lost wages, and

e.  Diminished quality of life.

44.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less than as follows:

| | |
|---|---|
| Kaiser Gwinnett Medical Center | $ 244.00 |
| Taylor Chiropractic | $ 6,755.00 |
| Comprehensive Spine & Pain | $ 372,389.60 |
| Regional Medical Group | $ 1,357.00 |
| Perimeter Anesthesia | $ 4,595.00 |
| **TOTAL SPECIAL DAMAGES** | $ 388.140.60 |

45.

Defendants have been stubbornly litigious, acted in bad faith, and has caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $388.140.60, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses

9

pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

       This the 18th day of January, 2022.

<div style="margin-left: 40%;">

*/s/ Allen Hoffman*
Eric L. Jensen
Georgia Bar No. 391259
Allen Hoffman
Georgia Bar No. 964123
Riley B. Liu
Georgia Bar No.: 879655
Jessica Burkhart
Georgia Bar No. 493002
*Attorneys for Plaintiff*

</div>

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
ejensen@eljlegal.com
rliu@eljlegal.com
jburkhart@eljlegal.com
ahoffman@eljlegal.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

BIANCA JOHNSON,                          )
                                         )
                Plaintiff.               )
v.                                       )          CIVIL ACTION FILE NO.
                                         )          22-C-00305-S4
GREYSTAR      REAL      ESTATE           )
PARTNERS, LLC, GS PEACHTREE              )
PROJECT OWNER, LLC, BEHRINGER            )
HARVARD   PEACHTREE   PROJECT            )
OWNER, LLC, AND JOHN DOES 1-3            )
                                         )
                Defendants.              )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO GREYSTAR REAL ESTATE PARTNERS, LLC

COMES NOW Plaintiff and requests pursuant to O.C.G.A. § 9-11-36(a) that Defendant

Greystar Real Estate Partners, LLC ("GREYSTAR") admit the matters set forth below, or deny

same in writing, within forty-five (45) days from the date of service hereof. The definitions and

instructions in Plaintiff's First Interrogatories and Requests for Production of Documents to

GREYSTAR are incorporated herein by reference.

GREYSTAR is requested to admit that:

1.

The property location that is the subject of the action is located at 3380 Peachtree Road

NE, Atlanta, Georgia, 30326 ("the Premises").

2.

GREYSTAR may be served with a copy of the summons and Complaint in this action at

CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina, 29223.

3.

GREYSTAR is subject to the jurisdiction of this Court.

4.

Venue is proper in this Court.

5.

On July 12, 2020, Plaintiff was an invitee at the Premises, located at 3380 Peachtree Road NE, Atlanta, Georgia, 30326.

6.

On July 12, 2020, Plaintiff was walking into the Premises, and fell on a liquid substance.

7.

There were no warnings in the area where the subject incident occurred of the hazardous condition that existed at the time.

8.

GREYSTAR had actual or constructive knowledge of the dangerous condition created by the liquid substance at the time of Plaintiff's injury on July 12, 2020.

9.

GREYSTAR caused this incident by failing to maintain and/or inspect the Premises and/or properly secure its walking surfaces

10.

GREYSTAR had a duty to exercise ordinary care to keep the Premises safe for invitees.

11.

Plaintiff's injury was caused solely by GREYSTAR's negligence.

12.

GREYSTAR employed individuals responsible for inspecting, and maintaining the area where Plaintiff was injured.

13.

GREYSTAR is responsible for the conduct of its employees committed within the scope of their employment under the doctrine of *respondeat superior*, agency, or apparent agency.

14.

GREYSTAR's employees had a duty to exercise ordinary care to keep the premises and approaches safe for invitees, including the area of the subject incident.

15.

GREYSTAR is required to perform appropriate inspection, cleaning, stocking, and maintenance on the Premises.

16.

GREYSTAR's employees were responsible for inspecting, repairing, cleaning, and maintaining the Premises.

17.

GREYSTAR is required to adopt policies and procedures to ensure that the appropriate inspection, cleaning, stocking, and maintenance are performed on the Premises.

18.

GREYSTAR is required to train their employees and agents on the policies and procedures to ensure that the appropriate inspection, cleaning, stocking, and maintenance are performed on the Premises.

19.

GREYSTAR failed to perform appropriate inspection, cleaning, stocking, and maintenance on the Premises on the date of the incident at issue.

20.

GREYSTAR failed to train their employees and agents on the policies and procedures to ensure that the appropriate inspection, cleaning, stocking, and maintenance were performed on the Premises on the date of the incident at issue.

21.

GREYSTAR was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning, stocking, and maintenance were performed on the premises.

22.

GREYSTAR was negligent in failing to train its employees concerning safety procedures for inspecting, cleaning, stocking, and maintaining the Premises.

23.

As a result of GREYSTAR's negligence in training and supervising its employees, Plaintiff was injured on July 12, 2020.

24.

As a direct result of GREYSTAR's negligent actions, Plaintiff suffered severe injuries.

25.

As a proximate result of GREYSTAR's negligent actions, Plaintiff suffered severe injuries.

26.

As a direct result of GREYSTAR's negligent actions, Plaintiff suffered emotional injuries.

27.

As a proximate result of GREYSTAR's negligent actions, Plaintiff suffered emotional injuries.

28.

As a direct result of GREYSTAR's negligent actions, Plaintiff suffers continuing pain.

29.

As a proximate result of GREYSTAR's negligent actions, Plaintiff suffers continuing pain.

30.

As a direct result of GREYSTAR's negligent actions, Plaintiff suffers continuing discomfort.

31.

As a proximate result of GREYSTAR's negligent actions, Plaintiff suffers continuing discomfort.

32.

As a direct result of GREYSTAR's negligent actions, Plaintiff has incurred medical expenses.

33.

As a direct result of GREYSTAR's negligent actions, Plaintiff will continue to incur medical expenses.

34.

As a proximate result of GREYSTAR's negligent actions, Plaintiff has incurred medical expenses.

35.

As a proximate result of GREYSTAR's negligent actions, Plaintiff will continue to incur medical expenses.

36.

Plaintiff is entitled to recover all damages suffered as a result of the incident described in the Complaint in this matter.

37.

Plaintiff is entitled to monetary damages from GREYSTAR to compensate her for past and future medical expense.

38.

Plaintiff is entitled to monetary damages from GREYSTAR to compensate her for past and future pain and suffering.

39.

As a proximate result of GREYSTAR's negligence, Plaintiff suffered special damages.

40.

GREYSTAR has been stubbornly litigious, acted in bad faith, and has caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

This the 19th day of January, 2022.

/s/ Allen Hoffman
Eric L. Jensen
Georgia Bar No. 391259
Jessica Burkhart
Georgia Bar 493002
Allen Hoffman

Georgia Bar No. 964123
Riley Liu
Georgia Bar No. 879655
*Attorneys for Plaintiff(s)*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

BIANCA JOHNSON,          )
                               )
        Plaintiff.        )
v.                         )        CIVIL ACTION FILE NO.
                               )        22-C-00305-S4
GREYSTAR    REAL    ESTATE )
PARTNERS, LLC, GS PEACHTREE )
PROJECT OWNER, LLC, BEHRINGER )
HARVARD  PEACHTREE  PROJECT )
OWNER, LLC, AND JOHN DOES 1-3  )
                               )
        Defendants.

## PLAINTIFF'S FIRST INTERROGATORIES TO
## GREYSTAR REAL ESTATE PARTNERS, LLC

COMES NOW Plaintiff and requests pursuant to O.C.G.A. § 9-11-36(a) that Defendant

GREYSTAR REAL ESTATE PARTNERS, LLC ("GREYSTAR") to respond to the following

Interrogatories under oath within forty-five (45) days from the date of service of these

Interrogatories upon it.

### DEFINITIONS

The following definitions shall apply to these Interrogatories:

A.    "You" and "your" shall mean and refer to GREYSTAR, all its agents, employees,

attorneys, accountants, subsidiary or affiliated corporations, representatives or other persons acting

or purporting to act on its behalf.

B.    "Person" shall mean and include any natural person, firm, partnership, trust, estate,

association, corporation, proprietorship, joint venture, governmental body, governmental agency or

commission or any other organization or entity whether or not recognized as such by law.

C.    "Document" is intended to have the broadest permissible meaning under the Civil

Practice Act, and includes, without limitation, recordings, imprintings or otherwise preserving

statements, images, sounds, and/or any other form of information, whether printed or recorded or reproduced by any mechanical or electronic process, or written or produced by hand, books, magazines, pamphlets, bulletins, publications, letters, emails, tweets, Facebook, Myspace, or other social networking messages, telegraphs, telegrams, cables, notes, messages, diaries, calendars, appointment books, time sheets, logs, schedules, memorandum, interoffice and intra-office communications, reports, working papers, diagrams, drawings, drafts, tabulations, indexes, statements, receipts, warranties, summaries, electronic mail transfers, teletypes, telefaxes, telecopies, worksheets, meeting minutes, recordings, sketches, graphs, charts, engineering notebooks, tapes, disks, electronic recording data sheets, data processing cards or other data computations, photographs, movies, assignments, contracts, agreements, official documents and legal instruments, annual reports and reports to shareholders and partners, and minutes or reports of minutes of directors or executive boards or committees, advertising or promotional literature and press releases, studies, analyses, agenda, telephone logs, jottings, announcements, instructions, ledgers, checks (front and back), check stubs, bills, orders, records, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter however produced or reproduced.

D.     "Relates to" or "relating to" shall be construed to include "refers to," "summarizes," "constitutes," "contains," "studies," "analyzes," "considers," "explains," "mentions," "shows," "discusses," "describes" or "comments upon."

E.     "Communication" shall mean any verbal, written or other transmittal of words, thoughts, ideas or images between or among persons or groups of persons whether face-to-face, by letter, or by any other means.

F.     "And" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response to the particular request.

G.     "Affiliates" shall mean and include any person or entity that directly or indirectly controls, is controlled by, or is under common control with another person or entity, with "control" meaning an ownership interest of more than 50 percent of the stock or other ownership interests or the ability to direct the voting of more than 50 percent of the voting rights of an entity.

H.     "Identify" means and requires GREYSTAR to provide the following information:

(a)     With respect to each natural person:

(1)     The person's full name;

(2)     The person's last known home address and telephone number;

(3)     The person's last known business address and telephone number;

(4)     The name of the person's last known employer or business affiliation; and

(5)     The person's last known title or business position.

(b)     With respect to a person other than a natural person:

(1)     Name;

(2)     Place of incorporation, or location of where certificates of partnership or association are filed; and

(3)     Principal place of business.

(c)     With respect to a document, either:

(1)     Produce the document pursuant to O.C.G.A. § 9-11-34; or

(2)     Identify the author, date, recipient and type of document.

## INTERROGATORIES

### 1.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff.

### 2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

### 3.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

### 4.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of and/or the incident referred to in the complaint? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Please identify each person working on the premises with any duties for or related to the area where this incident occurred on the date of or at any time prior to the incident at issue.

6.

Has any entity issued a policy of liability insurance to you that would apply to the incident at issue?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

7.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

8.

Do you contend that Plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

9.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

10.

Please state in detail any policies and procedures concerning the inspection, cleaning, maintenance, or repair of the area where this incident occurred.



11.

In regard to any document that has not been produced on grounds of privilege, please state the following:

    (a)    The date each document was generated;

    (b)    The person generating each document;

    (c)    The present custodian of each document;

    (d)    A description of each document.

12.

Please identify each and every person working for you or on your behalf on the premises where this incident occurred at any time, including the person's name, current address, current employer and telephone number.

13.

Have there ever been any complaints made about the area where this incident occurred? If so, please state:

    (a)    The date(s) of each complaint;

    (b)    The person(s) making each complaint;

    (c)    The nature of each complaint;

    (d)    Any action taken as a result of each complaint.

14.

Please identify each and every witness or employee in the vicinity of the area where Plaintiff was injured.  In regard to each employee, please state:

    (a)    The name of each person;

    (b)    The address of each person;

(c)     The telephone number of each person;

(d)     The shift worked by each person if an employee;

(e)     The job duties and responsibilities of each person if an employee.

### 15.

Have there been any audits, inspections or evaluations of the specific area at issue in this incident prior to or subsequent to the date of the incident?

### 16.

Are there any individuals or entities not named as parties to this action that you believe are liable or could be liable for Plaintiff's injuries and damages such that you would seek to apportion damages to said individual or entity at trial?  If there are, please identify all such individuals and/or entities.

### 17.

Identify the person or persons responsible for preparing your responses to these Interrogatories, and identify each person who was consulted, and each document referred to, and the process of preparing such responses.

### 18.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

### 19.

Identify your policies and procedures with regard to ensuring that the walking areas at Cyan on Peachtree, located at 3380 Peachtree Road NE, Atlanta, Georgia, 30326 are safely maintained.

20.

Identify whether or not any employee or agent of GREYSTAR was notified of the condition of the liquid substance prior to Plaintiff's injury. If so, please state who reported the condition, what was said, when the condition was reported, and any action taken in response.

21.

Identify any citations, warnings, reprimands, suits, causes of action or other similar notices you have received in the last five years regarding violation of any local, state, and/or federal codes, rules, laws, or regulations.

22.

Identify any and all lawsuits you have been a party to in Georgia in the last 7 years. State the parties, jurisdiction, brief description of the claims at issue, and the outcome.

This the 19th day of January, 2022.

/s/ Allen Hoffman
Eric L. Jensen
Georgia Bar No. 391259
Allen Hoffman
Georgia Bar No. 964123
Riley B. Liu
Georgia Bar No.: 879655
Jessica Burkhart
Georgia Bar No. 493002
Attorneys for Plaintiff

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
ejensen@eljlegal.com
jburkhart@eljlegal.com
ahoffman@eljlegal.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BIANCA JOHNSON, | ) | |
| | ) | |
| Plaintiff. | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 22-C-00305-S4 |
| GREYSTAR REAL ESTATE | ) | |
| PARTNERS, LLC, GS PEACHTREE | ) | |
| PROJECT OWNER, LLC, BEHRINGER | ) | |
| HARVARD PEACHTREE PROJECT | ) | |
| OWNER, LLC, AND JOHN DOES 1-3 | ) | |
| | ) | |
| Defendants. | | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO GREYSTAR REAL ESTATE PARTNERS, LLC

COMES NOW Plaintiff and serves her first requests for production of documents on Defendant GREYSTAR REAL ESTATE PARTNERS, LLC ("GREYSTAR") pursuant to O.C.G.A. § 9-11-34. GREYSTAR is requested to produce for inspection and copying the documents requested herein at the offices of counsel for Plaintiff, Jensen Law, LLC, 6111 Peachtree Dunwoody Road, Building G, Suite 201, Atlanta, Georgia 30328 no later than forty-five (45) days after the date of service.

GREYSTAR is further reminded that the provisions of O.C.G.A. § 9-11-26(e) require a responding party to supplement its responses in the manner provided.

If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the Court may determine whether or not such document is entitled to the accorded privileged status. Specifically, state (a) the document's sender or author, recipient, date, type of document (e.g., letter, memorandum, record, etc.) and general subject matter; and (b) the basis

upon which you claim the privilege. Plaintiff refers to and incorporates the "Definitions" provided in her first Interrogatories to GREYSTAR.

Please produce the following:

1.

Any invoices, inspection reports, receipts, change orders, work orders, spreadsheets, computer documents or other similar records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where Plaintiff was injured for the past five years.

2.

All statements or reports collected referencing the incident at issue.

3.

All videotapes, photographs, plats or drawings depicting the incident and/or area at issue for four hours prior to the incident up to and including the time of the incident and thirty minutes after the incident.

4.

Any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to Interrogatories 1, 2, and/or 9.

5.

Any documents obtained through a request for production of documents or subpoena in relation to this case.

6.

Any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to Interrogatories 10, 18, or 19.

7.

Any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to Interrogatory 13.

8.

Any incident report or other report concerning the incident described in the complaint.

9.

Any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.

10.

Any and all leases or contracts with outside contractors or agencies for performance of maintenance services for the area where the subject incident occurred.

11.

Any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning the subject incident.

12.

Any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident.

13.

Any surveillance videos taken on the day of the incident.

14.

Documents containing policies, rules, procedures, for safely repairing common areas.

15.

Documents relating to maintenance of the area where Plaintiff fell and injured herself.

16.

Photographs or video of the subject area prior to the subject incident.

This the 19th day of January, 2022.

/s/ Allen Hoffman
Eric L. Jensen
Georgia Bar No. 391259
Allen Hoffman
Georgia Bar No. 964123
Riley B. Liu
Georgia Bar No.: 879655
Jessica Burkhart
Georgia Bar No. 493002
*Attorneys for Plaintiff*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
ejensen@eljlegal.com
rliu@eljlegal.com
jburkhart@eljlegal.com
ahoffman@eljlegal.com

 CT Corporation

**Service of Process Transmittal**
01/20/2022
CT Log Number 540909641

| | |
|---|---|
| **TO:** | Elena Diaz<br>Greystar Real Estate Partners, LLC<br>465 MEETING ST STE 500<br>CHARLESTON, SC 29403-4832 |
| **RE:** | **Process Served in Georgia** |
| **FOR:** | GS Peachtree Project Owner, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Bianca Johnson // To: GS Peachtree Project Owner, LLC |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 22C00305S4 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/20/2022 at 13:55 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/20/2022, Expected Purge Date: 01/25/2022 |
| | Image SOP |
| | Email Notification,  Paul Henderson  paul.henderson@greystar.com |
| | Email Notification,  Elena Diaz  ctsop@greystar.com |
| | Email Notification,  Jill Streett  jill.streett@greystar.com |
| | Email Notification,  John Napier  jnapier@greystar.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00305-S4**
**1/18/2022 10:53 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

BIANCA JOHNSON

_____

_____

_____

          PLAINTIFF

VS.

GS PEACHTREE PROJECT OWNER, LLC

_____

_____

          DEFENDANT

CIVIL ACTION
NUMBER:_____

22-C-00305-S4

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** GS PEACHTREE PROJECT OWNER, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jensen Law, LLC
Attn: Allen Hoffman
6111 Peachtree Dunwoody Rd.
Building G, Ste. 201
Atlanta, Georgia 30328

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

18th day of January, 2022

Tiana P. Garner
Clerk of State Court

By_____
        Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-00305-S4
1/18/2022 10:53 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BIANCA JOHNSON, | ) | |
| | ) | |
| Plaintiff. | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| GREYSTAR REAL ESTATE | ) | 22-C-00305-S4 |
| PARTNERS, LLC, GS PEACHTREE | ) | |
| PROJECT OWNER, LLC, BEHRINGER | ) | |
| HARVARD PEACHTREE PROJECT | ) | |
| OWNER, LLC, AND JOHN DOES 1-3 | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

COMES NOW Plaintiff, Bianca Johnson, and files her Complaint through undersigned

counsel, and respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Greystar Real Estate Partners, LLC ("Greystar") is a South Carolina corporation

and may be served with a copy of the Summons and Complaint by serving its registered agent

located at CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina,

29223. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant GS Peachtree Project Owner, LLC ("Peachtree Project") is a South Carolina

corporation and may be served with a copy of the Summons and Complaint by serving its

registered agent located at CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia,

30046. Defendant is subject to the jurisdiction of this Court. Venue is proper.

4.

Defendant Behringer Harvard Peachtree Project Owner, LLC ("Behringer Harvard") is a South Carolina corporation and may be served with a copy of the Summons and Complaint by serving its registered agent located at CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia, 30046. Defendant is subject to the jurisdiction of this Court. Venue is proper

5.

John Does 1 – 3 ("Does") are or may be individuals and/or entities with ownership interest(s) in the Property at issue, parties responsible for managing, maintaining, cleaning and/or keeping the common areas of the Property at issue safe for invitees, and/or parties who attempted to repair, clear, and/or remediate the common areas, including the location of Plaintiff's incident.

6.

On July 12, 2020, Plaintiff was an invitee at Cyan on Peachtree, located at 3380 Peachtree Road NE, Atlanta, Georgia, 30326 ("the Property").

7.

As Plaintiff was walking into the Property, Plaintiff slipped and fell in a liquid substance.

8.

Defendants knew or should have known a hazardous condition existed and failed to take action to remediate the hazardous condition or warn invitees of the hazardous condition.

9.

There were no warnings in the area where the subject incident occurred of the hazardous condition that existed at the time.

10.

As a result of the fall, Plaintiff suffered injuries.

2

11.

Defendants caused this incident by failing to maintain the premises, failing to inspect the premises, and/or failing to ensure the floor was free of hazards.

12.

Plaintiff's fall was caused solely by Defendants' negligence.

13.

Defendants were negligent because they failed to maintain, inspect, and clean the premises where Plaintiff fell, even though they had superior, actual, and/or constructive knowledge of the hazardous condition.

## COUNT I: PREMISES LIABILITY

14.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

15.

Plaintiff was an invitee on the Property at the time of the incident.

16.

Defendants had a duty to exercise ordinary care to keep the Property safe for invitees, including floors.

17.

Defendants failed to exercise that duty by failing to maintain, inspect and/or properly cleaning in the area which caused Plaintiff's injuries.

3

18.

Defendants failed to exercise that duty by failing to ensure their floors were secure.

19.

Defendants' failure and the corresponding actions described in this Complaint constitute negligence.

20.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

21.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

a. Medical expense;

b. Pain and suffering;

c. Mental anguish;

d. Lost wages; and

e. Diminished quality of life.

22.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less than as follows:

| Kaiser Gwinnett Medical Center | $ | 244.00 |
| Taylor Chiropractic | $ | 6,755.00 |
| Comprehensive Spine & Pain | $ | 372,389.60 |
| Regional Medical Group | $ | 1,357.00 |

4

| Perimeter Anesthesia | $ | 4,595.00 |
|---|---|---|
| **TOTAL SPECIAL DAMAGES** | $ | 388,140.60 |

23.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $388.140.60, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: VICARIOUS LIABILITY

24.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

25.

At all times relevant to this action, John Does and/or employed individuals of Defendants, were responsible for inspecting, cleaning and maintaining the area where Plaintiff was injured.

26.

Defendants are responsible for the conduct of its employees and/or agents under the doctrines of *respondeat superior*, agency or apparent agency.

27.

The employees and/or agents had a duty to exercise ordinary care to keep the Property safe for invitees, including the area where Plaintiff was injured.

28.

The employees and/or agents failed to exercise that duty by failing to maintain, inspect, and/or properly clean the floors, which caused Plaintiff's injuries.

29.

The employees and/or agents failed to exercise that duty by failing to maintain, inspect, and/or properly cleaning the floors, which caused Plaintiff's injuries.

30.

As a direct and proximate result of the negligence of the employees and/or agents, for which Defendants are vicariously liable, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

31.

As a direct and proximate result of the negligence of the employees and/or agents, for which Defendants are vicariously liable, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

      f.      Medical expense;

      a.      Pain and suffering;

      b.      Mental anguish;

      c.      Lost wages; and

      d.      Diminished quality of life.

6

32.

As a proximate result of the Employees' negligence, for which Defendants are vicariously liable, Plaintiff suffered special damages no less than as follows:

| | | |
|---|---|---|
| Kaiser Gwinnett Medical Center | $ | 244.00 |
| Taylor Chiropractic | $ | 6,755.00 |
| Comprehensive Spine & Pain | $ | 372,389.60 |
| Regional Medical Group | $ | 1,357.00 |
| Perimeter Anesthesia | $ | 4,595.00 |
| **TOTAL SPECIAL DAMAGES** | $ | 388.140.60 |

33.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $388.140.60, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT III: NEGLIGENT TRAINING & SUPERVISION

34.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

35.

Defendants are required to adopt policies and procedures to ensure sure that appropriate inspections, cleaning and maintenance were performed on the premises.

36.

Defendants are required to train its employees concerning safety procedures for inspecting, repairing, cleaning and maintaining the premises.

37.

Defendants are negligent for failing to adopt policies and procedures to make sure that appropriate inspections, cleaning, and maintenance were performed on the property.

38.

Defendants are negligent for failing to train its Employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

39.

Defendants were negligent in the training and supervising of employees.

30.

Alternatively, Defendants were negligent by failing to ensure its Employees followed its safety procedures for inspecting, cleaning and maintaining the premises where Plaintiff was injured.

41.

As a result of Defendants' negligence, Plaintiff was injured.

42.

As a result of Defendants' negligence in training and supervising its Employees, Plaintiff was injured.

43.

As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

    a.      Medical expense;

    b.      Pain and suffering;

    c.      Mental anguish;

    d.      Lost wages, and

    e.      Diminished quality of life.

44.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less than as follows:

| | |
|---|---|
| Kaiser Gwinnett Medical Center | $ 244.00 |
| Taylor Chiropractic | $ 6,755.00 |
| Comprehensive Spine & Pain | $ 372,389.60 |
| Regional Medical Group | $ 1,357.00 |
| Perimeter Anesthesia | $ 4,595.00 |
| **TOTAL SPECIAL DAMAGES** | $ 388.140.60 |

45.

Defendants have been stubbornly litigious, acted in bad faith, and has caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $388.140.60, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses

9

pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

This the 18th day of January, 2022.

/s/ Allen Hoffman
Eric L. Jensen
Georgia Bar No. 391259
Allen Hoffman
Georgia Bar No. 964123
Riley B. Liu
Georgia Bar No.: 879655
Jessica Burkhart
Georgia Bar No. 493002
Attorneys for Plaintiff

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
ejensen@eljlegal.com
rliu@eljlegal.com
jburkhart@eljlegal.com
ahoffman@eljlegal.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

BIANCA JOHNSON,                          )
                                          )
              Plaintiff.                  )
v.                                        )          CIVIL ACTION FILE NO.
                                          )              22-C-00305-S4
GREYSTAR REAL ESTATE                     )
PARTNERS, LLC, GS PEACHTREE              )
PROJECT OWNER, LLC, BEHRINGER           )
HARVARD PEACHTREE PROJECT               )
OWNER, LLC, AND JOHN DOES 1-3           )
                                          )
              Defendants.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO GS PEACHTREE PROJECT OWNER, LLC

COMES NOW Plaintiff and serves her first requests for production of documents on Defendant GS PEACHTREE PROJECT OWNER ("GS PEACHTREE") pursuant to O.C.G.A. § 9-11-34.  GS PEACHTREE is requested to produce for inspection and copying the documents requested herein at the offices of counsel for Plaintiff, Jensen Law, LLC, 6111 Peachtree Dunwoody Road, Building G, Suite 201, Atlanta, Georgia 30328 no later than forty-five (45) days after the date of service.

GS PEACHTREE is further reminded that the provisions of O.C.G.A. § 9-11-26(e) require a responding party to supplement its responses in the manner provided.

If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the Court may determine whether or not such document is entitled to the accorded privileged status.  Specifically, state (a) the document's sender or author, recipient, date, type of document (e.g., letter, memorandum, record, etc.) and general subject matter; and (b) the basis

upon which you claim the privilege. Plaintiff refers to and incorporates the "Definitions" provided in her first Interrogatories to GS PEACHTREE.

Please produce the following:

1.

Any invoices, inspection reports, receipts, change orders, work orders, spreadsheets, computer documents or other similar records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where Plaintiff was injured for the past five years.

2.

All statements or reports collected referencing the incident at issue.

3.

All videotapes, photographs, plats or drawings depicting the incident and/or area at issue for four hours prior to the incident up to and including the time of the incident and thirty minutes after the incident.

4.

Any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to Interrogatories 1, 2, and/or 9.

5.

Any documents obtained through a request for production of documents or subpoena in relation to this case.

6.

Any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to Interrogatories 10, 18, or 19.

7.

Any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to Interrogatory 13.

8.

Any incident report or other report concerning the incident described in the complaint.

9.

Any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.

10.

Any and all leases or contracts with outside contractors or agencies for performance of maintenance services for the area where the subject incident occurred.

11.

Any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning the subject incident.

12.

Any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident.

13.

Any surveillance videos taken on the day of the incident.

14.

Documents containing policies, rules, procedures, for safely repairing common areas.

15.

Documents relating to maintenance of the area where Plaintiff fell and injured herself.

16.

Photographs or video of the subject area prior to the subject incident.

This the 19th day of January, 2022.

/s/ Allen Hoffman
Eric L. Jensen
Georgia Bar No. 391259
Allen Hoffman
Georgia Bar No. 964123
Riley B. Liu
Georgia Bar No.: 879655
Jessica Burkhart
Georgia Bar No. 493002
*Attorneys for Plaintiff*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
ejensen@eljlegal.com
rliu@eljlegal.com
jburkhart@eljlegal.com
ahoffman@eljlegal.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

BIANCA JOHNSON,                          )
                                         )
            Plaintiff.                   )
v.                                       )          CIVIL ACTION FILE NO.
                                         )          22-C-00305-S4
GREYSTAR   REAL   ESTATE                 )
PARTNERS, LLC, GS PEACHTREE              )
PROJECT OWNER, LLC, BEHRINGER            )
HARVARD PEACHTREE PROJECT                )
OWNER, LLC, AND JOHN DOES 1-3            )
                                         )
            Defendants.

## PLAINTIFF'S FIRST INTERROGATORIES TO
## GS PEACHTREE PROJECT OWNER, LLC

COMES NOW Plaintiff and requests pursuant to O.C.G.A. § 9-11-36(a) that Defendant GS

PEACHTREE PROJECT OWNER, LLC ("GS PEACHTREE") to respond to the following

Interrogatories under oath within forty-five (45) days from the date of service of these

Interrogatories upon it.

### DEFINITIONS

The following definitions shall apply to these Interrogatories:

A.      "You" and "your" shall mean and refer to GS PEACHTREE, all its agents,

employees, attorneys, accountants, subsidiary or affiliated corporations, representatives or other

persons acting or purporting to act on its behalf.

B.      "Person" shall mean and include any natural person, firm, partnership, trust, estate,

association, corporation, proprietorship, joint venture, governmental body, governmental agency or

commission or any other organization or entity whether or not recognized as such by law.

C.      "Document" is intended to have the broadest permissible meaning under the Civil

Practice Act, and includes, without limitation, recordings, imprintings or otherwise preserving

statements, images, sounds, and/or any other form of information, whether printed or recorded or reproduced by any mechanical or electronic process, or written or produced by hand, books, magazines, pamphlets, bulletins, publications, letters, emails, tweets, Facebook, Myspace, or other social networking messages, telegraphs, telegrams, cables, notes, messages, diaries, calendars, appointment books, time sheets, logs, schedules, memorandum, interoffice and intra-office communications, reports, working papers, diagrams, drawings, drafts, tabulations, indexes, statements, receipts, warranties, summaries, electronic mail transfers, teletypes, telefaxes, telecopies, worksheets, meeting minutes, recordings, sketches, graphs, charts, engineering notebooks, tapes, disks, electronic recording data sheets, data processing cards or other data computations, photographs, movies, assignments, contracts, agreements, official documents and legal instruments, annual reports and reports to shareholders and partners, and minutes or reports of minutes of directors or executive boards or committees, advertising or promotional literature and press releases, studies, analyses, agenda, telephone logs, jottings, announcements, instructions, ledgers, checks (front and back), check stubs, bills, orders, records, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter however produced or reproduced.

   D.  "Relates to" or "relating to" shall be construed to include "refers to," "summarizes," "constitutes," "contains," "studies," "analyzes," "considers," "explains," "mentions," "shows," "discusses," "describes" or "comments upon."

   E.  "Communication" shall mean any verbal, written or other transmittal of words, thoughts, ideas or images between or among persons or groups of persons whether face-to-face, by letter, or by any other means.

   F.  "And" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response to the particular request.

G.     "Affiliates" shall mean and include any person or entity that directly or indirectly controls, is controlled by, or is under common control with another person or entity, with "control" meaning an ownership interest of more than 50 percent of the stock or other ownership interests or the ability to direct the voting of more than 50 percent of the voting rights of an entity.

H.     "Identify" means and requires GS PEACHTREE to provide the following information:

(a)    With respect to each natural person:

   (1)    The person's full name;

   (2)    The person's last known home address and telephone number;

   (3)    The person's last known business address and telephone number;

   (4)    The name of the person's last known employer or business affiliation; and

   (5)    The person's last known title or business position.

(b)    With respect to a person other than a natural person:

   (1)    Name;

   (2)    Place of incorporation, or location of where certificates of partnership or association are filed; and

   (3)    Principal place of business.

(c)    With respect to a document, either:

   (1)    Produce the document pursuant to O.C.G.A. § 9-11-34; or

   (2)    Identify the author, date, recipient and type of document.

## INTERROGATORIES

1.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a) Was an eyewitness to the incident complained of in this action;

(b) Has some knowledge of any fact or circumstance upon which your defense is based;

(c) Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

4.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of and/or the incident referred to in the complaint? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Please identify each person working on the premises with any duties for or related to the area where this incident occurred on the date of or at any time prior to the incident at issue.

6.

Has any entity issued a policy of liability insurance to you that would apply to the incident at issue?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

7.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

8.

Do you contend that Plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

9.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

10.

Please state in detail any policies and procedures concerning the inspection, cleaning, maintenance, or repair of the area where this incident occurred.

11.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

12.

Please identify each and every person working for you or on your behalf on the premises where this incident occurred at any time, including the person's name, current address, current employer and telephone number.

13.

Have there ever been any complaints made about the area where this incident occurred? If so, please state:

(a)     The date(s) of each complaint;

(b)     The person(s) making each complaint;

(c)     The nature of each complaint;

(d)     Any action taken as a result of each complaint.

14.

Please identify each and every witness or employee in the vicinity of the area where Plaintiff was injured. In regard to each employee, please state:

(a)     The name of each person;

(b)     The address of each person;

(c)     The telephone number of each person;

(d)     The shift worked by each person if an employee;

(e)     The job duties and responsibilities of each person if an employee.

15.

Have there been any audits, inspections or evaluations of the specific area at issue in this incident prior to or subsequent to the date of the incident?

16.

Are there any individuals or entities not named as parties to this action that you believe are liable or could be liable for Plaintiff's injuries and damages such that you would seek to apportion damages to said individual or entity at trial?  If there are, please identify all such individuals and/or entities.

17.

Identify the person or persons responsible for preparing your responses to these Interrogatories, and identify each person who was consulted, and each document referred to, and the process of preparing such responses.

18.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

19.

Identify your policies and procedures with regard to ensuring that the walking areas at Cyan on Peachtree, located at 3380 Peachtree Road NE, Atlanta, Georgia, 30326 are safely maintained.

20.

Identify whether or not any employee or agent of GS PEACHTREE was notified of the condition of the liquid substance prior to Plaintiff's injury. If so, please state who reported the condition, what was said, when the condition was reported, and any action taken in response.

21.

Identify any citations, warnings, reprimands, suits, causes of action or other similar notices you have received in the last five years regarding violation of any local, state, and/or federal codes, rules, laws, or regulations.

22.

Identify any and all lawsuits you have been a party to in Georgia in the last 7 years. State the parties, jurisdiction, brief description of the claims at issue, and the outcome.

This the 19th day of January, 2022.

/s/ Allen Hoffman
Eric L. Jensen
Georgia Bar No. 391259
Allen Hoffman
Georgia Bar No. 964123
Riley B. Liu
Georgia Bar No.: 879655
Jessica Burkhart
Georgia Bar No. 493002
Attorneys for Plaintiff

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
ejensen@eljlegal.com
jburkhart@eljlegal.com
ahoffman@eljlegal.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

BIANCA JOHNSON,                    )
                                   )
            Plaintiff.             )
v.                                 )          CIVIL ACTION FILE NO.
                                   )              22-C-00305-S4
GREYSTAR     REAL     ESTATE       )
PARTNERS, LLC, GS PEACHTREE        )
PROJECT OWNER, LLC, BEHRINGER      )
HARVARD PEACHTREE PROJECT          )
OWNER, LLC, AND JOHN DOES 1-3      )
                                   )
            Defendants.            )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO GS PEACHTREE PROJECT OWNER, LLC

COMES NOW Plaintiff and requests pursuant to O.C.G.A. § 9-11-36(a) that Defendant GS Peachtree Project Owner, LLC ("GS PEACHTREE") admit the matters set forth below, or deny same in writing, within forty-five (45) days from the date of service hereof. The definitions and instructions in Plaintiff's First Interrogatories and Requests for Production of Documents to GS PEACHTREE are incorporated herein by reference.

GS PEACHTREE is requested to admit that:

1.

The property location that is the subject of the action is located at 3380 Peachtree Road NE, Atlanta, Georgia, 30326 ("the Premises").

2.

GS PEACHTREE may be served with a copy of the summons and Complaint in this action at CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia, 30046.

3.

GS PEACHTREE is subject to the jurisdiction of this Court.

4.

Venue is proper in this Court.

5.

On July 12, 2020, Plaintiff was an invitee at the Premises, located at 3380 Peachtree Road NE, Atlanta, Georgia, 30326.

6.

On July 12, 2020, Plaintiff was walking into the Premises, and fell on a liquid substance.

7.

There were no warnings in the area where the subject incident occurred of the hazardous condition that existed at the time.

8.

GS PEACHTREE had actual or constructive knowledge of the dangerous condition created by the liquid substance at the time of Plaintiff's injury on July 12, 2020.

9.

GS PEACHTREE caused this incident by failing to maintain and/or inspect the Premises and/or properly secure its walking surfaces

10.

GS PEACHTREE had a duty to exercise ordinary care to keep the Premises safe for invitees.

11.

Plaintiff's injury was caused solely by GS PEACHTREE's negligence.

12.

GS PEACHTREE employed individuals responsible for inspecting, and maintaining the area where Plaintiff was injured.

13.

GS PEACHTREE is responsible for the conduct of its employees committed within the scope of their employment under the doctrine of *respondeat superior*, agency, or apparent agency.

14.

GS PEACHTREE's employees had a duty to exercise ordinary care to keep the premises and approaches safe for invitees, including the area of the subject incident.

15.

GS PEACHTREE is required to perform appropriate inspection, cleaning, stocking, and maintenance on the Premises.

16.

GS PEACHTREE's employees were responsible for inspecting, repairing, cleaning, and maintaining the Premises.

17.

GS PEACHTREE is required to adopt policies and procedures to ensure that the appropriate inspection, cleaning, stocking, and maintenance are performed on the Premises.

18.

GS PEACHTREE is required to train their employees and agents on the policies and procedures to ensure that the appropriate inspection, cleaning, stocking, and maintenance are performed on the Premises.

19.

GS PEACHTREE failed to perform appropriate inspection, cleaning, stocking, and maintenance on the Premises on the date of the incident at issue.

20.

GS PEACHTREE failed to train their employees and agents on the policies and procedures to ensure that the appropriate inspection, cleaning, stocking, and maintenance were performed on the Premises on the date of the incident at issue.

21.

GS PEACHTREE was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning, stocking, and maintenance were performed on the premises.

22.

GS PEACHTREE was negligent in failing to train its employees concerning safety procedures for inspecting, cleaning, stocking, and maintaining the Premises.

23.

As a result of GS PEACHTREE's negligence in training and supervising its employees, Plaintiff was injured on July 12, 2020.

24.

As a direct result of GS PEACHTREE's negligent actions, Plaintiff suffered severe injuries.

25.

As a proximate result of GS PEACHTREE's negligent actions, Plaintiff suffered severe injuries.

26.

As a direct result of GS PEACHTREE's negligent actions, Plaintiff suffered emotional injuries.

27.

As a proximate result of GS PEACHTREE's negligent actions, Plaintiff suffered emotional injuries.

28.

As a direct result of GS PEACHTREE's negligent actions, Plaintiff suffers continuing pain.

29.

As a proximate result of GS PEACHTREE's negligent actions, Plaintiff suffers continuing pain.

30.

As a direct result of GS PEACHTREE's negligent actions, Plaintiff suffers continuing discomfort.

31.

As a proximate result of GS PEACHTREE's negligent actions, Plaintiff suffers continuing discomfort.

32.

As a direct result of GS PEACHTREE's negligent actions, Plaintiff has incurred medical expenses.

33.

As a direct result of GS PEACHTREE's negligent actions, Plaintiff will continue to incur medical expenses.

34.

As a proximate result of GS PEACHTREE's negligent actions, Plaintiff has incurred medical expenses.

35.

As a proximate result of GS PEACHTREE's negligent actions, Plaintiff will continue to incur medical expenses.

36.

Plaintiff is entitled to recover all damages suffered as a result of the incident described in the Complaint in this matter.

37.

Plaintiff is entitled to monetary damages from GS PEACHTREE to compensate her for past and future medical expense.

38.

Plaintiff is entitled to monetary damages from GS PEACHTREE to compensate her for past and future pain and suffering.

39.

As a proximate result of GS PEACHTREE's negligence, Plaintiff suffered special damages.

40.

GS PEACHTREE has been stubbornly litigious, acted in bad faith, and has caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

This the 19th day of January, 2022.

/s/ Allen Hoffman
Eric L. Jensen
Georgia Bar No. 391259
Jessica Burkhart
Georgia Bar 493002
Allen Hoffman
Georgia Bar No. 964123
Riley Liu
Georgia Bar No. 879655
*Attorneys for Plaintiff(s)*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

 CT Corporation

**Service of Process
Transmittal**
01/20/2022
CT Log Number 540909608

**TO:**   Elena Diaz
Greystar Real Estate Partners, LLC
465 MEETING ST STE 500
CHARLESTON, SC 29403-4832

**RE:**   **Process Served in Georgia**

**FOR:**   BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC  (Former Name)  (Domestic State: DE)
GS Peachtree Project Owner, LLC (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Bianca Johnson // To: GS Peachtree Project Owner, LLC |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 22C00305S4 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/20/2022 at 13:55 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/20/2022, Expected Purge Date: 01/25/2022 |
| | Image SOP |
| | Email Notification,  Paul Henderson  paul.henderson@greystar.com |
| | Email Notification,  Elena Diaz  ctsop@greystar.com |
| | Email Notification,  Jill Streett  jill.streett@greystar.com |
| | Email Notification,  John Napier  jnapier@greystar.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-00305-S4
1/18/2022 10:53 AM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

BIANCA JOHNSON

PLAINTIFF

CIVIL ACTION NUMBER:_____  22-C-00305-S4

VS.

BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC,

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC,

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jensen Law, LLC
Attn: Allen Hoffman
6111 Peachtree Dunwoody Rd.
Building G, Ste. 201
Atlanta, Georgia 30328

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____18th day of January, 2022_____, 20_____.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-00305-S4
1/18/2022 10:53 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

BIANCA JOHNSON,                           )
                                          )
            Plaintiff.                     )
v.                                         )          CIVIL ACTION FILE NO.
                                          )
GREYSTAR REAL ESTATE                       )              22-C-00305-S4
PARTNERS, LLC, GS PEACHTREE                )
PROJECT OWNER, LLC, BEHRINGER              )
HARVARD PEACHTREE PROJECT                  )
OWNER, LLC, AND JOHN DOES 1-3              )
                                          )
            Defendants.                    )

## COMPLAINT

COMES NOW Plaintiff, Bianca Johnson, and files her Complaint through undersigned counsel, and respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Greystar Real Estate Partners, LLC ("Greystar") is a South Carolina corporation and may be served with a copy of the Summons and Complaint by serving its registered agent located at CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina, 29223. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant GS Peachtree Project Owner, LLC ("Peachtree Project") is a South Carolina corporation and may be served with a copy of the Summons and Complaint by serving its registered agent located at CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia, 30046. Defendant is subject to the jurisdiction of this Court. Venue is proper.

4.

Defendant Behringer Harvard Peachtree Project Owner, LLC ("Behringer Harvard") is a South Carolina corporation and may be served with a copy of the Summons and Complaint by serving its registered agent located at CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia, 30046. Defendant is subject to the jurisdiction of this Court. Venue is proper

5.

John Does 1 – 3 ("Does") are or may be individuals and/or entities with ownership interest(s) in the Property at issue, parties responsible for managing, maintaining, cleaning and/or keeping the common areas of the Property at issue safe for invitees, and/or parties who attempted to repair, clear, and/or remediate the common areas, including the location of Plaintiff's incident.

6.

On July 12, 2020, Plaintiff was an invitee at Cyan on Peachtree, located at 3380 Peachtree Road NE, Atlanta, Georgia, 30326 ("the Property").

7.

As Plaintiff was walking into the Property, Plaintiff slipped and fell in a liquid substance.

8.

Defendants knew or should have known a hazardous condition existed and failed to take action to remediate the hazardous condition or warn invitees of the hazardous condition.

9.

There were no warnings in the area where the subject incident occurred of the hazardous condition that existed at the time.

10.

As a result of the fall, Plaintiff suffered injuries.

2

11.

Defendants caused this incident by failing to maintain the premises, failing to inspect the premises, and/or failing to ensure the floor was free of hazards.

12.

Plaintiff's fall was caused solely by Defendants' negligence.

13.

Defendants were negligent because they failed to maintain, inspect, and clean the premises where Plaintiff fell, even though they had superior, actual, and/or constructive knowledge of the hazardous condition.

## COUNT I: PREMISES LIABILITY

14.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

15.

Plaintiff was an invitee on the Property at the time of the incident.

16.

Defendants had a duty to exercise ordinary care to keep the Property safe for invitees, including floors.

17.

Defendants failed to exercise that duty by failing to maintain, inspect and/or properly cleaning in the area which caused Plaintiff's injuries.

3

18.

Defendants failed to exercise that duty by failing to ensure their floors were secure.

19.

Defendants' failure and the corresponding actions described in this Complaint constitute negligence.

20.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

21.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

    a.    Medical expense;

    b.    Pain and suffering;

    c.    Mental anguish;

    d.    Lost wages; and

    e.    Diminished quality of life.

22.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less than as follows:

| Kaiser Gwinnett Medical Center | $ | 244.00 |
| Taylor Chiropractic | $ | 6,755.00 |
| Comprehensive Spine & Pain | $ | 372,389.60 |
| Regional Medical Group | $ | 1,357.00 |

4

| Perimeter Anesthesia | $ | 4,595.00 |
|---|---|---|
| **TOTAL SPECIAL DAMAGES** | $ | 388,140.60 |

23.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $388.140.60, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: VICARIOUS LIABILITY

24.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

25.

At all times relevant to this action, John Does and/or employed individuals of Defendants, were responsible for inspecting, cleaning and maintaining the area where Plaintiff was injured.

26.

Defendants are responsible for the conduct of its employees and/or agents under the doctrines of *respondeat superior*, agency or apparent agency.

27.

The employees and/or agents had a duty to exercise ordinary care to keep the Property safe for invitees, including the area where Plaintiff was injured.

28.

The employees and/or agents failed to exercise that duty by failing to maintain, inspect, and/or properly clean the floors, which caused Plaintiff's injuries.

29.

The employees and/or agents failed to exercise that duty by failing to maintain, inspect, and/or properly cleaning the floors, which caused Plaintiff's injuries.

30.

As a direct and proximate result of the negligence of the employees and/or agents, for which Defendants are vicariously liable, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

31.

As a direct and proximate result of the negligence of the employees and/or agents, for which Defendants are vicariously liable, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

      f.      Medical expense;

      a.      Pain and suffering;

      b.      Mental anguish;

      c.      Lost wages; and

      d.      Diminished quality of life.

32.

As a proximate result of the Employees' negligence, for which Defendants are vicariously liable, Plaintiff suffered special damages no less than as follows:

| Kaiser Gwinnett Medical Center | $ | 244.00 |
|---|---|---|
| Taylor Chiropractic | $ | 6,755.00 |
| Comprehensive Spine & Pain | $ | 372,389.60 |
| Regional Medical Group | $ | 1,357.00 |
| Perimeter Anesthesia | $ | 4,595.00 |
| **TOTAL SPECIAL DAMAGES** | $ | 388.140.60 |

33.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $388.140.60, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT III: NEGLIGENT TRAINING & SUPERVISION

34.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

35.

Defendants are required to adopt policies and procedures to ensure sure that appropriate inspections, cleaning and maintenance were performed on the premises.

36.

Defendants are required to train its employees concerning safety procedures for inspecting, repairing, cleaning and maintaining the premises.

37.

Defendants are negligent for failing to adopt policies and procedures to make sure that appropriate inspections, cleaning, and maintenance were performed on the property.

38.

Defendants are negligent for failing to train its Employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

39.

Defendants were negligent in the training and supervising of employees.

30.

Alternatively, Defendants were negligent by failing to ensure its Employees followed its safety procedures for inspecting, cleaning and maintaining the premises where Plaintiff was injured.

41.

As a result of Defendants' negligence, Plaintiff was injured.

42.

As a result of Defendants' negligence in training and supervising its Employees, Plaintiff was injured.

8

43.

As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

      a.      Medical expense;

      b.      Pain and suffering;

      c.      Mental anguish;

      d.      Lost wages, and

      e.      Diminished quality of life.

44.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less than as follows:

| | |
|---|---|
| Kaiser Gwinnett Medical Center | $ 244.00 |
| Taylor Chiropractic | $ 6,755.00 |
| Comprehensive Spine & Pain | $ 372,389.60 |
| Regional Medical Group | $ 1,357.00 |
| Perimeter Anesthesia | $ 4,595.00 |
| **TOTAL SPECIAL DAMAGES** | $ 388.140.60 |

45.

Defendants have been stubbornly litigious, acted in bad faith, and has caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $388.140.60, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses

pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and

proper.

This the 18th day of January, 2022.

/s/ Allen Hoffman
Eric L. Jensen
Georgia Bar No. 391259
Allen Hoffman
Georgia Bar No. 964123
Riley B. Liu
Georgia Bar No.: 879655
Jessica Burkhart
Georgia Bar No. 493002
*Attorneys for Plaintiff*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
ejensen@eljlegal.com
rliu@eljlegal.com
jburkhart@eljlegal.com
ahoffman@eljlegal.com

10

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

BIANCA JOHNSON,                              )
                                             )
            Plaintiff.                       )
                                             )
v.                                           )            CIVIL ACTION FILE NO.
                                             )            22-C-00305-S4
GREYSTAR REAL ESTATE                         )
PARTNERS, LLC, GS PEACHTREE                  )
PROJECT OWNER, LLC, BEHRINGER                )
HARVARD PEACHTREE PROJECT                    )
OWNER, LLC, AND JOHN DOES 1-3                )
                                             )
            Defendants.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC

COMES NOW Plaintiff and serves her first requests for production of documents on Defendant BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC ("BEHRINGER") pursuant to O.C.G.A. § 9-11-34. BEHRINGER is requested to produce for inspection and copying the documents requested herein at the offices of counsel for Plaintiff, Jensen Law, LLC, 6111 Peachtree Dunwoody Road, Building G, Suite 201, Atlanta, Georgia 30328 no later than forty-five (45) days after the date of service.

BEHRINGER is further reminded that the provisions of O.C.G.A. § 9-11-26(e) require a responding party to supplement its responses in the manner provided.

If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the Court may determine whether or not such document is entitled to the accorded privileged status. Specifically, state (a) the document's sender or author, recipient, date, type of document (e.g., letter, memorandum, record, etc.) and general subject matter; and (b) the basis

upon which you claim the privilege. Plaintiff refers to and incorporates the "Definitions" provided in her first Interrogatories to BEHRINGER.

Please produce the following:

1.

Any invoices, inspection reports, receipts, change orders, work orders, spreadsheets, computer documents or other similar records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where Plaintiff was injured for the past five years.

2.

All statements or reports collected referencing the incident at issue.

3.

All videotapes, photographs, plats or drawings depicting the incident and/or area at issue for four hours prior to the incident up to and including the time of the incident and thirty minutes after the incident.

4.

Any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to Interrogatories 1, 2, and/or 9.

5.

Any documents obtained through a request for production of documents or subpoena in relation to this case.

6.

Any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to Interrogatories 10, 18, or 19.

7.

Any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to Interrogatory 13.

8.

Any incident report or other report concerning the incident described in the complaint.

9.

Any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.

10.

Any and all leases or contracts with outside contractors or agencies for performance of maintenance services for the area where the subject incident occurred.

11.

Any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning the subject incident.

12.

Any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident.

13.

Any surveillance videos taken on the day of the incident.

14.

Documents containing policies, rules, procedures, for safely repairing common areas.

15.

Documents relating to maintenance of the area where Plaintiff fell and injured herself.

16.

Photographs or video of the subject area prior to the subject incident.

This the 19th day of January, 2022.

/s/ Allen Hoffman
Eric L. Jensen
Georgia Bar No. 391259
Allen Hoffman
Georgia Bar No. 964123
Riley B. Liu
Georgia Bar No.: 879655
Jessica Burkhart
Georgia Bar No. 493002
*Attorneys for Plaintiff*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
ejensen@eljlegal.com
rliu@eljlegal.com
jburkhart@eljlegal.com
ahoffman@eljlegal.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BIANCA JOHNSON, | ) | |
| | ) | |
| Plaintiff. | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 22-C-00305-S4 |
| GREYSTAR REAL ESTATE | ) | |
| PARTNERS, LLC, GS PEACHTREE | ) | |
| PROJECT OWNER, LLC, BEHRINGER | ) | |
| HARVARD PEACHTREE PROJECT | ) | |
| OWNER, LLC, AND JOHN DOES 1-3 | ) | |
| | ) | |
| Defendants. | | |

### PLAINTIFF'S FIRST INTERROGATORIES TO
### BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC

COMES NOW Plaintiff and requests pursuant to O.C.G.A. § 9-11-36(a) that Defendant

BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC ("BEHRINGER") to

respond to the following Interrogatories under oath within forty-five (45) days from the date of

service of these Interrogatories upon it.

### **DEFINITIONS**

The following definitions shall apply to these Interrogatories:

A.    "You" and "your" shall mean and refer to BEHRINGER, all its agents, employees,

attorneys, accountants, subsidiary or affiliated corporations, representatives or other persons acting

or purporting to act on its behalf.

B.    "Person" shall mean and include any natural person, firm, partnership, trust, estate,

association, corporation, proprietorship, joint venture, governmental body, governmental agency or

commission or any other organization or entity whether or not recognized as such by law.

C.    "Document" is intended to have the broadest permissible meaning under the Civil

Practice Act, and includes, without limitation, recordings, imprintings or otherwise preserving

statements, images, sounds, and/or any other form of information, whether printed or recorded or reproduced by any mechanical or electronic process, or written or produced by hand, books, magazines, pamphlets, bulletins, publications, letters, emails, tweets, Facebook, Myspace, or other social networking messages, telegraphs, telegrams, cables, notes, messages, diaries, calendars, appointment books, time sheets, logs, schedules, memorandum, interoffice and intra-office communications, reports, working papers, diagrams, drawings, drafts, tabulations, indexes, statements, receipts, warranties, summaries, electronic mail transfers, teletypes, telefaxes, telecopies, worksheets, meeting minutes, recordings, sketches, graphs, charts, engineering notebooks, tapes, disks, electronic recording data sheets, data processing cards or other data computations, photographs, movies, assignments, contracts, agreements, official documents and legal instruments, annual reports and reports to shareholders and partners, and minutes or reports of minutes of directors or executive boards or committees, advertising or promotional literature and press releases, studies, analyses, agenda, telephone logs, jottings, announcements, instructions, ledgers, checks (front and back), check stubs, bills, orders, records, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter however produced or reproduced.

D.     "Relates to" or "relating to" shall be construed to include "refers to," "summarizes," "constitutes," "contains," "studies," "analyzes," "considers," "explains," "mentions," "shows," "discusses," "describes" or "comments upon."

E.     "Communication" shall mean any verbal, written or other transmittal of words, thoughts, ideas or images between or among persons or groups of persons whether face-to-face, by letter, or by any other means.

F.     "And" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response to the particular request.

G.   "Affiliates" shall mean and include any person or entity that directly or indirectly controls, is controlled by, or is under common control with another person or entity, with "control" meaning an ownership interest of more than 50 percent of the stock or other ownership interests or the ability to direct the voting of more than 50 percent of the voting rights of an entity.

H.   "Identify" means and requires BEHRINGER to provide the following information:

  (a)   With respect to each natural person:

    (1)   The person's full name;

    (2)   The person's last known home address and telephone number;

    (3)   The person's last known business address and telephone number;

    (4)   The name of the person's last known employer or business affiliation; and

    (5)   The person's last known title or business position.

  (b)   With respect to a person other than a natural person:

    (1)   Name;

    (2)   Place of incorporation, or location of where certificates of partnership or association are filed; and

    (3)   Principal place of business.

  (c)   With respect to a document, either:

    (1)   Produce the document pursuant to O.C.G.A. § 9-11-34; or

    (2)   Identify the author, date, recipient and type of document.

## **INTERROGATORIES**

1.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

4.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of and/or the incident referred to in the complaint? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Please identify each person working on the premises with any duties for or related to the area where this incident occurred on the date of or at any time prior to the incident at issue.

6.

Has any entity issued a policy of liability insurance to you that would apply to the incident at issue?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

7.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

8.

Do you contend that Plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

9.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

10.

Please state in detail any policies and procedures concerning the inspection, cleaning, maintenance, or repair of the area where this incident occurred.

11.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

12.

Please identify each and every person working for you or on your behalf on the premises where this incident occurred at any time, including the person's name, current address, current employer and telephone number.

13.

Have there ever been any complaints made about the area where this incident occurred? If so, please state:

(a)     The date(s) of each complaint;

(b)     The person(s) making each complaint;

(c)     The nature of each complaint;

(d)     Any action taken as a result of each complaint.

14.

Please identify each and every witness or employee in the vicinity of the area where Plaintiff was injured.  In regard to each employee, please state:

(a)     The name of each person;

(b)     The address of each person;

(c)     The telephone number of each person;

(d)     The shift worked by each person if an employee;

(e)     The job duties and responsibilities of each person if an employee.

15.

Have there been any audits, inspections or evaluations of the specific area at issue in this incident prior to or subsequent to the date of the incident?

16.

Are there any individuals or entities not named as parties to this action that you believe are liable or could be liable for Plaintiff's injuries and damages such that you would seek to apportion damages to said individual or entity at trial? If there are, please identify all such individuals and/or entities.

17.

Identify the person or persons responsible for preparing your responses to these Interrogatories, and identify each person who was consulted, and each document referred to, and the process of preparing such responses.

18.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

19.

Identify your policies and procedures with regard to ensuring that the walking areas at Cyan on Peachtree, located at 3380 Peachtree Road NE, Atlanta, Georgia, 30326 are safely maintained.

20.

Identify whether or not any employee or agent of BEHRINGER was notified of the condition of the liquid substance prior to Plaintiff's injury. If so, please state who reported the condition, what was said, when the condition was reported, and any action taken in response.

21.

Identify any citations, warnings, reprimands, suits, causes of action or other similar notices you have received in the last five years regarding violation of any local, state, and/or federal codes, rules, laws, or regulations.

22.

Identify any and all lawsuits you have been a party to in Georgia in the last 7 years. State the parties, jurisdiction, brief description of the claims at issue, and the outcome.

This the 19th day of January, 2022.

/s/ Allen Hoffman
Eric L. Jensen
Georgia Bar No. 391259
Allen Hoffman
Georgia Bar No. 964123
Riley B. Liu
Georgia Bar No.: 879655
Jessica Burkhart
Georgia Bar No. 493002
*Attorneys for Plaintiff*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
ejensen@eljlegal.com
jburkhart@eljlegal.com
ahoffman@eljlegal.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

BIANCA JOHNSON,                          )
                                         )
         Plaintiff.                      )
v.                                       )        CIVIL ACTION FILE NO.
                                         )        22-C-00305-S4
GREYSTAR    REAL    ESTATE               )
PARTNERS, LLC, GS PEACHTREE              )
PROJECT OWNER, LLC, BEHRINGER            )
HARVARD PEACHTREE PROJECT                )
OWNER, LLC, AND JOHN DOES 1-3            )
                                         )
         Defendants.

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC

COMES NOW Plaintiff and requests pursuant to O.C.G.A. § 9-11-36(a) that Defendant

BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC ("BEHRINGER") admit

the matters set forth below, or deny same in writing, within forty-five (45) days from the date of

service hereof. The definitions and instructions in Plaintiff's First Interrogatories and Requests for

Production of Documents to BEHRINGER are incorporated herein by reference.

BEHRINGER is requested to admit that:

1.

The property location that is the subject of the action is located at 3380 Peachtree Road

NE, Atlanta, Georgia, 30326 ("the Premises").

2.

BEHRINGER may be served with a copy of the summons and Complaint in this action at

CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia, 30046.

3.

BEHRINGER is subject to the jurisdiction of this Court.

4.

Venue is proper in this Court.

5.

On July 12, 2020, Plaintiff was an invitee at the Premises, located at 3380 Peachtree Road NE, Atlanta, Georgia, 30326.

6.

On July 12, 2020, Plaintiff was walking into the Premises, and fell on a liquid substance.

7.

There were no warnings in the area where the subject incident occurred of the hazardous condition that existed at the time.

8.

BEHRINGER had actual or constructive knowledge of the dangerous condition created by the liquid substance at the time of Plaintiff's injury on July 12, 2020.

9.

BEHRINGER caused this incident by failing to maintain and/or inspect the Premises and/or properly secure its walking surfaces

10.

BEHRINGER had a duty to exercise ordinary care to keep the Premises safe for invitees.

11.

Plaintiff's injury was caused solely by BEHRINGER's negligence.

12.

BEHRINGER employed individuals responsible for inspecting, and maintaining the area where Plaintiff was injured.

13.

BEHRINGER is responsible for the conduct of its employees committed within the scope of their employment under the doctrine of *respondeat superior*, agency, or apparent agency.

14.

BEHRINGER's employees had a duty to exercise ordinary care to keep the premises and approaches safe for invitees, including the area of the subject incident.

15.

BEHRINGER is required to perform appropriate inspection, cleaning, stocking, and maintenance on the Premises.

16.

BEHRINGER's employees were responsible for inspecting, repairing, cleaning, and maintaining the Premises.

17.

BEHRINGER is required to adopt policies and procedures to ensure that the appropriate inspection, cleaning, stocking, and maintenance are performed on the Premises.

18.

BEHRINGER is required to train their employees and agents on the policies and procedures to ensure that the appropriate inspection, cleaning, stocking, and maintenance are performed on the Premises.

19.

BEHRINGER failed to perform appropriate inspection, cleaning, stocking, and maintenance on the Premises on the date of the incident at issue.

20.

BEHRINGER failed to train their employees and agents on the policies and procedures to ensure that the appropriate inspection, cleaning, stocking, and maintenance were performed on the Premises on the date of the incident at issue.

21.

BEHRINGER was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning, stocking, and maintenance were performed on the premises.

22.

BEHRINGER was negligent in failing to train its employees concerning safety procedures for inspecting, cleaning, stocking, and maintaining the Premises.

23.

As a result of BEHRINGER's negligence in training and supervising its employees, Plaintiff was injured on July 12, 2020.

24.

As a direct result of BEHRINGER's negligent actions, Plaintiff suffered severe injuries.

25.

As a proximate result of BEHRINGER's negligent actions, Plaintiff suffered severe injuries.

26.

As a direct result of BEHRINGER's negligent actions, Plaintiff suffered emotional injuries.

27.

As a proximate result of BEHRINGER's negligent actions, Plaintiff suffered emotional injuries.

28.

As a direct result of BEHRINGER's negligent actions, Plaintiff suffers continuing pain.

29.

As a proximate result of BEHRINGER's negligent actions, Plaintiff suffers continuing pain.

30.

As a direct result of BEHRINGER's negligent actions, Plaintiff suffers continuing discomfort.

31.

As a proximate result of BEHRINGER's negligent actions, Plaintiff suffers continuing discomfort.

32.

As a direct result of BEHRINGER's negligent actions, Plaintiff has incurred medical expenses.

33.

As a direct result of BEHRINGER's negligent actions, Plaintiff will continue to incur medical expenses.

34.

As a proximate result of BEHRINGER's negligent actions, Plaintiff has incurred medical expenses.

35.

As a proximate result of BEHRINGER's negligent actions, Plaintiff will continue to incur medical expenses.

36.

Plaintiff is entitled to recover all damages suffered as a result of the incident described in the Complaint in this matter.

37.

Plaintiff is entitled to monetary damages from BEHRINGER to compensate her for past and future medical expense.

38.

Plaintiff is entitled to monetary damages from BEHRINGER to compensate her for past and future pain and suffering.

39.

As a proximate result of BEHRINGER's negligence, Plaintiff suffered special damages.

40.

BEHRINGER has been stubbornly litigious, acted in bad faith, and has caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

This the 19th day of January, 2022.

/s/ Allen Hoffman
Eric L. Jensen
Georgia Bar No. 391259
Jessica Burkhart
Georgia Bar 493002
Allen Hoffman

Georgia Bar No. 964123
Riley Liu
Georgia Bar No. 879655
*Attorneys for Plaintiff(s)*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00305-S4**

**2/18/2022 11:33 AM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| BIANCA JOHNSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION FILE NO.** |
| | ) | |
| GREYSTAR REAL ESTATE | ) | **22-C-00305-S4** |
| PARTNERS, LLC; GS PEACHTREE | ) | |
| PROJECT OWNER, LLC; BEHRINGER | ) | |
| HARVARD PEACHTREE PROJECT | ) | |
| OWNER, LLC; AND JOHN DOES 1-3, | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### DEFENDANT BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Behringer Harvard Peachtree Project Owner, LLC, improperly-named Defendant in the above-styled action,[1] and, by and through the undersigned counsel, files this Answer to Plaintiff's Complaint, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted and should, therefore, be dismissed.

### SECOND DEFENSE

Plaintiff's alleged injuries, damages, or losses, if any, were directly or proximately caused by the intervening, superseding acts and conduct of others over whom this Defendant had not control, thereby precluding any recovery against this Defendant.

---

[1] Defendant Behringer Harvard Peachtree Project Owner, LLC, does not exist as an entity and is a prior iteration of Defendant GS Peachtree Project Owner, LLC.

## THIRD DEFENSE

To the extent as may be shown by evidence through discovery, Defendant raises all those affirmative defenses as set forth in O.C.G.A. §§ 9-11-8(c) and 9-11-12(b), and none of these defenses are waived.

## FOURTH DEFENSE

Defendant is not liable to Plaintiff as Defendant did not commit any acts or omissions of negligence and did not fail to meet the standard of care.

## FIFTH DEFENSE

Defendant is not liable to Plaintiff as any injury or damage that Plaintiff may have experienced were solely and proximately the result of causes other than the acts or failure to act of Defendant.

## SIXTH DEFENSE

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from this Defendant.

## SEVENTH DEFENSE

It is denied that there were any risks or dangers existing at the time and place identified in Plaintiff's Complaint. If it is determined that such risks or dangers did exist, however, such risks or dangers were open, obvious, apparent, and the Plaintiff either knew or should have known of them. Alternatively, the Plaintiff would have discovered said risks and dangers had the Plaintiff exercised reasonable care. Additionally, Defendant alleges that Plaintiff was competent to assess the circumstances and conditions alleged to be existing at the time and place of the alleged accident. Therefore, Plaintiff voluntarily encountered the alleged danger risks or dangers, and

2

assumed the risks thereof. Consequently, Plaintiff should not be entitled to recovery from this Defendant.

## **EIGHTH DEFENSE**

Subject to and without waiving the foregoing defenses, Defendant answers the specific allegations of Plaintiff's Complaint as follows:

1.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Complaint; therefore, such allegations are denied.

2.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint; therefore, such allegations are denied.

3.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Complaint; therefore, such allegations are denied.

4.

Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint; therefore, such allegations are denied.

6.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint; therefore, such allegations are denied.

7.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint; therefore, such allegations are denied.

8.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint; therefore, such allegations are denied.

9.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint; therefore, such allegations are denied.

10.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint; therefore, such allegations are denied.

11.

Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

## COUNT I: PREMISES LIABILITY

14.

Defendant reincorporates by reference its responses to the allegations in Paragraphs 1-13 of Plaintiff's Complaint.

15.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Complaint; therefore, such allegations are denied.

16.

Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations in Paragraph  19 of Plaintiff's Complaint.

20.

Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to money damages from Defendant to compensate her for medical expenses, pain and suffering, mental anguish, lost wages, and diminished quality of life.

22.

Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to recover damages from Defendant for Plaintiff's treatment at Kaiser Gwinnett Medical Center, Taylor Chiropractic, Comprehensive Spin & Pain, Regional Medical Group, and Perimeter Anesthesia.

23.

Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint as it has not been stubbornly litigious, has not acted in bad faith, and has not caused Plaintiff to incur any unnecessary trouble and expense. Defendant also denies that Plaintiff is entitled to recover attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11, and further denies that Plaintiff is entitled to recover damages against Defendant for general damages for past, present, and future pain and suffering and loss of enjoyment of life or pre and post judgment interest, attorney's fees, costs, and expenses.

## COUNT II: VICARIOUS LIABILITY

24.

Defendant reincorporates by reference its responses to the allegations in Paragraphs 1-23 of Plaintiff's Complaint.

6

25.

Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to money damages from Defendant to compensate her for medical expenses, pain and suffering, mental anguish, lost wages, and diminished quality of life.

32.

Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to recover damages from Defendant for Plaintiff's treatment at Kaiser Gwinnett Medical Center, Taylor Chiropractic, Comprehensive Spin & Pain, Regional Medical Group, and Perimeter Anesthesia.

33.

Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint as it has not been stubbornly litigious, has not acted in bad faith, and has not caused Plaintiff to incur any unnecessary trouble and expense. Defendant also denies that Plaintiff is entitled to recover attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11, and further denies that Plaintiff is entitled to recover damages against Defendant for general damages for past, present, and future pain and suffering and loss of enjoyment of life or pre and post judgment interest, attorney's fees, costs, and expenses.

## COUNT III: NEGLIGENT TRAINING & SUPERVISION

34.

Defendant reincorporates by reference its responses to the allegations in Paragraphs 1-33 of Plaintiff's Complaint.

35.

Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.

Plaintiff incorrectly numbered the fortieth Paragraph in her Complaint as Paragraph "30." Defendant denies the allegations in this Paragraph of Plaintiff's Complaint.

41.

Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.

Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to money damages from Defendant to compensate her for medical expenses, pain and suffering, mental anguish, lost wages, and diminished quality of life.

44.

Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to recover damages from Defendant for Plaintiff's treatment at Kaiser Gwinnett Medical Center, Taylor Chiropractic, Comprehensive Spin & Pain, Regional Medical Group, and Perimeter Anesthesia.

45.

Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint as it has not been stubbornly litigious, has not acted in bad faith, and has not caused Plaintiff to incur any unnecessary trouble and expense. Defendant also denies that Plaintiff is entitled to recover attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11, and further denies that Plaintiff is entitled to recover damages against Defendant for general damages for past, present, and future

pain and suffering and loss of enjoyment of life or pre and post judgment interest, attorney's fees,

costs, and expenses.

46.

Defendant denies any and all other allegations against it in Plaintiff's Complaint.

Respectfully submitted this 18th day of February, 2022.

**HALL BOOTH SMITH, P.C.**

|  |  |
|---|---|
| 191 Peachtree Street NE | */s/ Don B. Brown* |
| Suite 2900 | Don B. Brown |
| Atlanta, GA 30303 | Georgia Bar No. 496667 |
| (404) 954-5000 | W. Dowdy White |
| (404) 954-5020 (Fax) | Georgia Bar No. 320879 |
| dbrown@hallboothsmith.com | *Counsel for Defendant Behringer Harvard,* |
| dwhite@hallboothsmith.com | *Peachtree Project Owner, LLC* |

10

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| BIANCA JOHNSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| GREYSTAR REAL ESTATE | ) | 22-C-00305-S4 |
| PARTNERS, LLC; GS PEACHTREE | ) | |
| PROJECT OWNER, LLC; BEHRINGER | ) | |
| HARVARD PEACHTREE PROJECT | ) | |
| OWNER, LLC; AND JOHN DOES 1-3, | ) | |
| | ) | |
|     Defendants. | ) | |

---

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served all counsel listed below with a copy of the within and foregoing **DEFENDANT BEHRINGER HARVARD PEACHTREE PROJECT OWNER, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon the following through the Odyssey e-filing system and/or via U.S. First Class Mail and/or Statutory Electronic Service pursuant to O.C.G.A. § 9-11-5(b) to the following recipients:

Eric L. Jensen
Allen Hoffman
Riley B. Liu
Jessica Burkhart
JENSEN LAW, LLC
611 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, GA 30328
ejensen@eljlegal.com
ahoffman@eljlegal.com
rliu@eljlegal.com
jburkhart@eljlegal.com

[Signatures on Next Page]

This 18th day of February, 2022.

**HALL BOOTH SMITH, P.C.**

_/s/ Don B. Brown_

191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
(404) 954-5000
(404) 954-5020 (Fax)
dbrown@hallboothsmith.com
dwhite@hallboothsmith.com

Don B. Brown
Georgia Bar No. 496667
W. Dowdy White
Georgia Bar No. 320879
_Counsel for Defendant Behringer Harvard_
_Peachtree Project Owner, LLC_

2

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00305-S4**

**2/18/2022 11:33 AM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **BIANCA JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| | ) | |
| **GREYSTAR REAL ESTATE** | ) | **22-C-00305-S4** |
| **PARTNERS, LLC; GS PEACHTREE** | ) | |
| **PROJECT OWNER, LLC; BEHRINGER** | ) | |
| **HARVARD PEACHTREE PROJECT** | ) | |
| **OWNER, LLC; AND JOHN DOES 1-3,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

### DEFENDANT GREP SOUTHEAST, LLC'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW GREP Southeast, LLC, incorrectly named by Plaintiff as "Greystar Real Estate Partners, LLC,  Defendant in the above-styled action, and, by and through the undersigned counsel, files this Answer to Plaintiff's Complaint, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted and should, therefore, be dismissed.

### SECOND DEFENSE

Plaintiff's alleged injuries, damages, or losses, if any, were directly or proximately caused by the intervening, superseding acts and conduct of others over whom this Defendant had not control, thereby precluding any recovery against this Defendant.

## THIRD DEFENSE

To the extent as may be shown by evidence through discovery, Defendant raises all those affirmative defenses as set forth in O.C.G.A. §§ 9-11-8(c) and 9-11-12(b), and none of these defenses are waived.

## FOURTH DEFENSE

Defendant is not liable to Plaintiff as Defendant did not commit any acts or omissions of negligence and did not fail to meet the standard of care.

## FIFTH DEFENSE

Defendant is not liable to Plaintiff as any injury or damage that Plaintiff may have experienced were solely and proximately the result of causes other than the acts or failure to act of Defendant.

## SIXTH DEFENSE

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from this Defendant.

## SEVENTH DEFENSE

It is denied that there were any risks or dangers existing at the time and place identified in Plaintiff's Complaint. If it is determined that such risks or dangers did exist, however, such risks or dangers were open, obvious, apparent, and the Plaintiff either knew or should have known of them. Alternatively, the Plaintiff would have discovered said risks and dangers had the Plaintiff exercised reasonable care. Additionally, Defendant alleges that Plaintiff was competent to assess the circumstances and conditions alleged to be existing at the time and place of the alleged accident. Therefore, Plaintiff voluntarily encountered the alleged danger risks or dangers, and

2

assumed the risks thereof. Consequently, Plaintiff should not be entitled to recovery from this Defendant.

## **EIGHTH DEFENSE**

Subject to and without waiving the foregoing defenses, Defendant answers the specific allegations of Plaintiff's Complaint as follows:

1.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Complaint; therefore, such allegations are denied.

2.

Denied denies the allegations in Paragraph 2 of Plaintiff's Complaint as pled.

3.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Complaint; therefore, such allegations are denied.

4.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Complaint; therefore, such allegations are denied.

5.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint; therefore, such allegations are denied.

6.

Defendant is without information or knowledge sufficient to form a belief as to the remainder of the allegations contained in Paragraph 6 of Plaintiff's Complaint; therefore, such allegations are denied. By way of further response, Defendant admits that Plaintiff was a tenant on that date.

7.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint; therefore, such allegations are denied.

8.

Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint; therefore, such allegations are denied.

11.

Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

## COUNT I: PREMISES LIABILITY

14.

Defendant reincorporates by reference its responses to the allegations in Paragraphs 1-13 of Plaintiff's Complaint.

15.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Complaint; therefore, such allegations are denied.

16.

Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint as pled. By way of further response, Defendant admits that a duty is owed to invitees according to Georgia law.

17.

Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations in Paragraph  19 of Plaintiff's Complaint.

20.

Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to money damages from Defendant to compensate her

for medical expenses, pain and suffering, mental anguish, lost wages, and diminished quality of life.

<p style="text-align:center">22.</p>

Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to recover damages from Defendant for Plaintiff's treatment at Kaiser Gwinnett Medical Center, Taylor Chiropractic, Comprehensive Spin & Pain, Regional Medical Group, and Perimeter Anesthesia.

<p style="text-align:center">23.</p>

Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint as it has not been stubbornly litigious, has not acted in bad faith, and has not caused Plaintiff to incur any unnecessary trouble and expense. Defendant also denies that Plaintiff is entitled to recover attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11, and further denies that Plaintiff is entitled to recover damages against Defendant for general damages for past, present, and future pain and suffering and loss of enjoyment of life or pre and post judgment interest, attorney's fees, costs, and expenses.

<p style="text-align:center"><strong><u>COUNT II: VICARIOUS LIABILITY</u></strong></p>

<p style="text-align:center">24.</p>

Defendant reincorporates by reference its responses to the allegations in Paragraphs 1-23 of Plaintiff's Complaint.

<p style="text-align:center">25.</p>

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 25 of Plaintiff's Complaint; therefore, such allegations are denied.

<p style="text-align:center">6</p>

26.

Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint as pled.

27.

Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint as pled.

28.

Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to money damages from Defendant to compensate her for medical expenses, pain and suffering, mental anguish, lost wages, and diminished quality of life.

32.

Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to recover damages from Defendant for Plaintiff's treatment at Kaiser Gwinnett Medical Center, Taylor Chiropractic, Comprehensive Spin & Pain, Regional Medical Group, and Perimeter Anesthesia.

33.

Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint as it has not been stubbornly litigious, has not acted in bad faith, and has not caused Plaintiff to incur any

unnecessary trouble and expense. Defendant also denies that Plaintiff is entitled to recover attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11, and further denies that Plaintiff is entitled to recover damages against Defendant for general damages for past, present, and future pain and suffering and loss of enjoyment of life or pre and post judgment interest, attorney's fees, costs, and expenses.

<u>**COUNT III: NEGLIGENT TRAINING & SUPERVISION**</u>

34.

Defendant reincorporates by reference its responses to the allegations in Paragraphs 1-33 of Plaintiff's Complaint.

35.

Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.

Plaintiff incorrectly numbered the fortieth Paragraph in her Complaint as Paragraph "30." Defendant denies the allegations in this Paragraph of Plaintiff's Complaint.

41.

Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.

Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to money damages from Defendant to compensate her for medical expenses, pain and suffering, mental anguish, lost wages, and diminished quality of life.

44.

Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to recover damages from Defendant for Plaintiff's treatment at Kaiser Gwinnett Medical Center, Taylor Chiropractic, Comprehensive Spin & Pain, Regional Medical Group, and Perimeter Anesthesia.

45.

Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint as it has not been stubbornly litigious, has not acted in bad faith, and has not caused Plaintiff to incur any unnecessary trouble and expense. Defendant also denies that Plaintiff is entitled to recover attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11, and further denies that Plaintiff is entitled to recover damages against Defendant for general damages for past, present, and future pain and suffering and loss of enjoyment of life or pre and post judgment interest, attorney's fees, costs, and expenses.

9

46.

Defendant denies any and all other allegations against it in Plaintiff's Complaint.

Respectfully submitted this 18th day of February, 2022.

**HALL BOOTH SMITH, P.C.**

_/s/ Don B. Brown_

191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
(404) 954-5000
(404) 954-5020 (Fax)
dbrown@hallboothsmith.com
dwhite@hallboothsmith.com

Don B. Brown
Georgia Bar No. 496667
W. Dowdy White
Georgia Bar No. 320879
_Counsel for Defendant GREP Southeast,_
_LLC_

10

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| BIANCA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| GREYSTAR REAL ESTATE | ) | 22-C-00305-S4 |
| PARTNERS, LLC; GS PEACHTREE | ) | |
| PROJECT OWNER, LLC; BEHRINGER | ) | |
| HARVARD PEACHTREE PROJECT | ) | |
| OWNER, LLC; AND JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

---

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served all counsel listed below with a copy of the within and foregoing **DEFENDANT GREP SOUTHEAST, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon the following through the Odyssey e-filing system and/or via U.S. First Class Mail and/or Statutory Electronic Service pursuant to O.C.G.A. § 9-11-5(b) to the following recipients:

Eric L. Jensen
Allen Hoffman
Riley B. Liu
Jessica Burkhart
JENSEN LAW, LLC
611 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, GA 30328
ejensen@eljlegal.com
ahoffman@eljlegal.com
rliu@eljlegal.com
jburkhart@eljlegal.com

[Signatures on Next Page]

This 18th day of February, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/ Don B. Brown*

191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
(404) 954-5000
(404) 954-5020 (Fax)
dbrown@hallboothsmith.com
dwhite@hallboothsmith.com

Don B. Brown
Georgia Bar No. 496667
W. Dowdy White
Georgia Bar No. 320879
*Counsel for Defendant GREP Southeast, LLC*

2

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00305-S4**
**2/18/2022 11:33 AM**
**TIANA P. GARNER, CLERK**

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| BIANCA JOHNSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| GREYSTAR REAL ESTATE | ) | **22-C-00305-S4** |
| PARTNERS, LLC; GS PEACHTREE | ) | |
| PROJECT OWNER, LLC; BEHRINGER | ) | |
| HARVARD PEACHTREE PROJECT | ) | |
| OWNER, LLC; AND JOHN DOES 1-3, | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

### DEFENDANT GS PEACHTREE PROJECT OWNER, LLC'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW GS Peachtree Project Owner, LLC, Defendant in the above-styled action, and, by and through the undersigned counsel, files this Answer to Plaintiff's Complaint, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted and should, therefore, be dismissed.

### SECOND DEFENSE

Plaintiff's alleged injuries, damages, or losses, if any, were directly or proximately caused by the intervening, superseding acts and conduct of others over whom this Defendant had not control, thereby precluding any recovery against this Defendant.

**THIRD DEFENSE**

To the extent as may be shown by evidence through discovery, Defendant raises all those affirmative defenses as set forth in O.C.G.A. §§ 9-11-8(c) and 9-11-12(b), and none of these defenses are waived.

**FOURTH DEFENSE**

Defendant is not liable to Plaintiff as Defendant did not commit any acts or omissions of negligence and did not fail to meet the standard of care.

**FIFTH DEFENSE**

Defendant is not liable to Plaintiff as any injury or damage that Plaintiff may have experienced were solely and proximately the result of causes other than the acts or failure to act of Defendant.

**SIXTH DEFENSE**

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from this Defendant.

**SEVENTH DEFENSE**

It is denied that there were any risks or dangers existing at the time and place identified in Plaintiff's Complaint. If it is determined that such risks or dangers did exist, however, such risks or dangers were open, obvious, apparent, and the Plaintiff either knew or should have known of them. Alternatively, the Plaintiff would have discovered said risks and dangers had the Plaintiff exercised reasonable care. Additionally, Defendant alleges that Plaintiff was competent to assess the circumstances and conditions alleged to be existing at the time and place of the alleged accident. Therefore, Plaintiff voluntarily encountered the alleged danger risks or dangers, and

2

assumed the risks thereof. Consequently, Plaintiff should not be entitled to recovery from this Defendant.

## EIGHTH DEFENSE

Subject to and without waiving the foregoing defenses, Defendant answers the specific allegations of Plaintiff's Complaint as follows:

1.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Complaint; therefore, such allegations are denied.

2.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint; therefore, such allegations are denied.

3.

Defendant denies that venue is proper in this Court.

4.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Complaint; therefore, such allegations are denied.

5.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint; therefore, such allegations are denied.

3

6.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint; therefore, such allegations are denied.

7.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint; therefore, such allegations are denied.

8.

Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint; therefore, such allegations are denied.

11.

Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

## COUNT I: PREMISES LIABILITY

14.

Defendant reincorporates by reference its responses to the allegations in Paragraphs 1-13 of Plaintiff's Complaint.

15.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Complaint; therefore, such allegations are denied.

16.

Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint as pled. By way of further response, Defendant admits that a duty is owed to invitees according to Georgia law.

17.

Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations in Paragraph  19 of Plaintiff's Complaint.

20.

Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to money damages from Defendant to compensate her

for medical expenses, pain and suffering, mental anguish, lost wages, and diminished quality of life.

<div align="center">22.</div>

Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to recover damages from Defendant for Plaintiff's treatment at Kaiser Gwinnett Medical Center, Taylor Chiropractic, Comprehensive Spin & Pain, Regional Medical Group, and Perimeter Anesthesia.

<div align="center">23.</div>

Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint as it has not been stubbornly litigious, has not acted in bad faith, and has not caused Plaintiff to incur any unnecessary trouble and expense. Defendant also denies that Plaintiff is entitled to recover attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11, and further denies that Plaintiff is entitled to recover damages against Defendant for general damages for past, present, and future pain and suffering and loss of enjoyment of life or pre and post judgment interest, attorney's fees, costs, and expenses.

<div align="center">**COUNT II: VICARIOUS LIABILITY**</div>

<div align="center">24.</div>

Defendant reincorporates by reference its responses to the allegations in Paragraphs 1-23 of Plaintiff's Complaint.

<div align="center">25.</div>

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Complaint; therefore, such allegations are denied.

<div align="center">6</div>

26.

Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint as pled.

27.

Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint as pled.

28.

Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to money damages from Defendant to compensate her for medical expenses, pain and suffering, mental anguish, lost wages, and diminished quality of life.

32.

Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to recover damages from Defendant for Plaintiff's treatment at Kaiser Gwinnett Medical Center, Taylor Chiropractic, Comprehensive Spin & Pain, Regional Medical Group, and Perimeter Anesthesia.

33.

Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint as it has not been stubbornly litigious, has not acted in bad faith, and has not caused Plaintiff to incur any

unnecessary trouble and expense. Defendant also denies that Plaintiff is entitled to recover attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11, and further denies that Plaintiff is entitled to recover damages against Defendant for general damages for past, present, and future pain and suffering and loss of enjoyment of life or pre and post judgment interest, attorney's fees, costs, and expenses.

## COUNT III: NEGLIGENT TRAINING & SUPERVISION

34.

Defendant reincorporates by reference its responses to the allegations in Paragraphs 1-33 of Plaintiff's Complaint.

35.

Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.

Plaintiff incorrectly numbered the fortieth Paragraph in her Complaint as Paragraph "30." Defendant denies the allegations in this Paragraph of Plaintiff's Complaint.

41.

Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.

Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to money damages from Defendant to compensate her for medical expenses, pain and suffering, mental anguish, lost wages, and diminished quality of life.

44.

Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint. Additionally, Defendant denies that Plaintiff is entitled to recover damages from Defendant for Plaintiff's treatment at Kaiser Gwinnett Medical Center, Taylor Chiropractic, Comprehensive Spin & Pain, Regional Medical Group, and Perimeter Anesthesia.

45.

Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint as it has not been stubbornly litigious, has not acted in bad faith, and has not caused Plaintiff to incur any unnecessary trouble and expense. Defendant also denies that Plaintiff is entitled to recover attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11, and further denies that Plaintiff is entitled to recover damages against Defendant for general damages for past, present, and future pain and suffering and loss of enjoyment of life or pre and post judgment interest, attorney's fees, costs, and expenses.

9

46.

Defendant denies any and all other allegations against it in Plaintiff's Complaint.

Respectfully submitted this 18th day of February, 2022.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
(404) 954-5000
(404) 954-5020 (Fax)
dbrown@hallboothsmith.com
dwhite@hallboothsmith.com

/s/ Don B. Brown
Don B. Brown
Georgia Bar No. 496667
W. Dowdy White
Georgia Bar No. 320879
*Counsel for Defendant GS Peachtree Project*
*Owner, LLC*

10

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| BIANCA JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION FILE NO. |
| | ) |
| GREYSTAR REAL ESTATE | )    22-C-00305-S4 |
| PARTNERS, LLC; GS PEACHTREE | ) |
| PROJECT OWNER, LLC; BEHRINGER | ) |
| HARVARD PEACHTREE PROJECT | ) |
| OWNER, LLC; AND JOHN DOES 1-3, | ) |
| | ) |
|     Defendants. | ) |

---

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served all counsel listed below with a copy of the within and foregoing **DEFENDANT GS PEACHTREE PROJECT OWNER, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon the following through the Odyssey e-filing system and/or via U.S. First Class Mail and/or Statutory Electronic Service pursuant to O.C.G.A. § 9-11-5(b) to the following recipients:

Eric L. Jensen
Allen Hoffman
Riley B. Liu
Jessica Burkhart
JENSEN LAW, LLC
611 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, GA 30328
ejensen@eljlegal.com
ahoffman@eljlegal.com
rliu@eljlegal.com
jburkhart@eljlegal.com

[Signatures on Next Page]

This 18th day of February, 2022.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
(404) 954-5000
(404) 954-5020 (Fax)
dbrown@hallboothsmith.com
dwhite@hallboothsmith.com

_/s/ Don B. Brown_
Don B. Brown
Georgia Bar No. 496667
W. Dowdy White
Georgia Bar No. 320879
_Counsel for Defendant GS Peachtree Project_
_Owner, LLC_

2