IN THE STATE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BIANCA JOHNSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : Civil Action Number: |
| vs. | : 1:22-CV-00697-TWT |
| | : |
| | : |
| GREP SOUTHEAST, LLC, BCJ | : |
| BUILDING SERVICES, LLC, | : |
| VALET LIVING, LLC AND JOHN | : |
| DOES 1-3 | : |
| | : |
| Defendants. | : |

## AMENDED COMPLAINT

COMES NOW Plaintiff, Bianca Johnson, and files her Complaint through undersigned counsel, and respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant GREP Southeast, LLC ("GREP") is a Delaware corporation and may be served with a copy of the Summons and Complaint by serving its registered agent located at CT Corporation System, 289 S. Culver Street, Lawrenceville,

Georgia, 30046. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant BCJ Building Services, LLC ("BCJ") is a Georgia corporation and may be served with a copy of the Summons and Complaint by serving its registered agent Majed Awamleh located at 1413 Woodmont Lane NW, Suite A, Atlanta, Georgia, 30318. Defendant is subject to the jurisdiction of this Court. Venue is proper.

4.

Defendant Valet Living, LLC ("Valet Living") is a Delaware corporation and may be served with a copy of the Summons and Complaint by serving its registered agent Registered Agent Solutions, Inc. located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076. Defendant is subject to the jurisdiction of this Court. Venue is proper

5.

John Does 1 – 3 ("Does") are or may be individuals and/or entities with ownership interest(s) in the Property at issue, parties responsible for managing, maintaining, cleaning and/or keeping the common areas of the Property at issue safe

for invitees, and/or parties who attempted to repair, clear, and/or remediate the common areas, including the location of Plaintiff's incident.

6.

On July 12, 2020, Plaintiff was an invitee at Cyan on Peachtree, located at 3380 Peachtree Road NE, Atlanta, Georgia, 30326 ("the Property").

7.

As Plaintiff was walking into the Property, Plaintiff slipped and fell in a liquid substance.

8.

Defendants knew or should have known a hazardous condition existed and failed to take action to remediate the hazardous condition or warn invitees of the hazardous condition.

9.

There were no warnings in the area where the subject incident occurred of the hazardous condition that existed at the time.

10.

As a result of the fall, Plaintiff suffered injuries.

11.

Defendants caused this incident by failing to maintain the premises, failing to inspect the premises, and/or failing to ensure the floor was free of hazards.

12.

Plaintiff's fall was caused solely by Defendants' negligence.

13.

Defendants were negligent because they failed to maintain, inspect, and clean the premises where Plaintiff fell, even though they had superior, actual, and/or constructive knowledge of the hazardous condition.

## **COUNT I: PREMISES LIABILITY**

14.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

15.

Plaintiff was an invitee on the Property at the time of the incident.

16.

Defendants had a duty to exercise ordinary care to keep the Property safe for invitees, including floors.

17.

Defendants failed to exercise that duty by failing to maintain, inspect and/or properly cleaning in the area which caused Plaintiff's injuries.

18.

Defendants failed to exercise that duty by failing to ensure their floors were secure.

19.

Defendants' failure and the corresponding actions described in this Complaint constitute negligence.

20.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

21.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

    a.    Medical expense;

    b.    Pain and suffering;

    c.    Mental anguish;

    d.    Lost wages; and

    e.    Diminished quality of life.

22.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less than as follows:

| | |
|---|---|
| Kaiser Gwinnett Medical Center | $ 244.00 |
| Taylor Chiropractic | $ 6,755.00 |
| Comprehensive Spine & Pain | $ 372,389.60 |
| Regional Medical Group | $ 1,357.00 |
| Perimeter Anesthesia | $ 4,595.00 |
| **TOTAL SPECIAL DAMAGES** | $ 388,140.60 |

23.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $388.140.60, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest

as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: VICARIOUS LIABILITY

24.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

25.

At all times relevant to this action, John Does and/or employed individuals of Defendants, were responsible for inspecting, cleaning and maintaining the area where Plaintiff was injured.

26.

Defendants are responsible for the conduct of its employees and/or agents under the doctrines of *respondeat superior*, agency or apparent agency.

27.

The employees and/or agents had a duty to exercise ordinary care to keep the Property safe for invitees, including the area where Plaintiff was injured.

28.

The employees and/or agents failed to exercise that duty by failing to maintain, inspect, and/or properly clean the floors, which caused Plaintiff's injuries.

29.

The employees and/or agents failed to exercise that duty by failing to maintain, inspect, and/or properly cleaning the floors, which caused Plaintiff's injuries.

30.

As a direct and proximate result of the negligence of the employees and/or agents, for which Defendants are vicariously liable, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

31.

As a direct and proximate result of the negligence of the employees and/or agents, for which Defendants are vicariously liable, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

      f.      Medical expense;

      a.      Pain and suffering;

      b.      Mental anguish;

      c.      Lost wages; and

      d.      Diminished quality of life.

32.

As a proximate result of the Employees' negligence, for which Defendants are vicariously liable, Plaintiff suffered special damages no less than as follows:

| Kaiser Gwinnett Medical Center | $ 244.00 |
|---|---|
| Taylor Chiropractic | $ 6,755.00 |
| Comprehensive Spine & Pain | $ 372,389.60 |
| Regional Medical Group | $ 1,357.00 |
| Perimeter Anesthesia | $ 4,595.00 |
| **TOTAL SPECIAL DAMAGES** | $ 388.140.60 |

33.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $388.140.60, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT III: NEGLIGENT TRAINING & SUPERVISION

34.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

35.

Defendants are required to adopt policies and procedures to ensure sure that appropriate inspections, cleaning and maintenance were performed on the premises.

36.

Defendants are required to train its employees concerning safety procedures for inspecting, repairing, cleaning and maintaining the premises.

37.

Defendants are negligent for failing to adopt policies and procedures to make sure that appropriate inspections, cleaning, and maintenance were performed on the property.

38.

Defendants are negligent for failing to train its Employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

39.

Defendants were negligent in the training and supervising of employees.

30.

Alternatively, Defendants were negligent by failing to ensure its Employees followed its safety procedures for inspecting, cleaning and maintaining the premises where Plaintiff was injured.

41.

As a result of Defendants' negligence, Plaintiff was injured.

42.

As a result of Defendants' negligence in training and supervising its Employees, Plaintiff was injured.

43.

As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

    a. Medical expense;

    b. Pain and suffering;

    c. Mental anguish;

    d. Lost wages, and

    e. Diminished quality of life.

44.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less than as follows:

| Kaiser Gwinnett Medical Center | $ 244.00 |
|---|---|
| Taylor Chiropractic | $ 6,755.00 |
| Comprehensive Spine & Pain | $ 372,389.60 |
| Regional Medical Group | $ 1,357.00 |
| Perimeter Anesthesia | $ 4,595.00 |
| **TOTAL SPECIAL DAMAGES** | $ 388.140.60 |

45.

Defendants have been stubbornly litigious, acted in bad faith, and has caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $388.140.60, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

This the 18th day of April, 2022.

/s/ *Allen Hoffman*
Eric L. Jensen
Georgia Bar No. 391259
Allen Hoffman
Georgia Bar No. 964123
Riley B. Liu
Georgia Bar No.: 879655
Jessica Burkhart
Georgia Bar No. 493002
*Attorneys for Plaintiff*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
ejensen@eljlegal.com
rliu@eljlegal.com
jburkhart@eljlegal.com
ahoffman@eljlegal.com